NESTELL v BOARD OF EDUCATION OF THE BRIDGEPORT-
SPAULDING COMMUNITY SCHOOLS

Docket No. 70632. Submitted February 23, 1984, at Lansing.—Decided
October 16, 1984.

Judy C. Nestell, a tenured teacher, was laid off by action of the
Board of Education for the Bridgeport-Spaulding Community
Schools. The board informed her of that decision by sending
her a packet of information by certified mail. An enclosed letter
informed her that she could appeal the board's decision to the
state tenure commission within 30 days. Eight months later,
Nestell appealed the board's decision to the tenure commission.
The commission ruled that her appeal was untimely and there-
fore was barred. Nestell timely filed a petition for review in
Ingham Circuit Court pursuant to the Administrative Proce-
dures Act and served her petition on the board of education.
The board transmitted the record of the earlier proceedings to
the circuit court. Approximately a year later, the circuit court,
Robert H. Bell, J., dismissed petitioner's case for want of
prosecution. The court subsequently denied petitioner's motion
for reinstatement. Petitioner appeals. *Held:*

1. Nestell properly pursued relief in the circuit court under
the Administrative Procedures Act.

2. The circuit court abused its discretion in dismissing peti-
tioner's case. Petitioner had completed all the steps necessary
to obtain judicial review under the APA. The court's orders
dismissing petitioner's case and denying her motion for rein-
statement are vacated.

3. Although the circuit court dismissed petitioner's case
without ruling on the merits of her claim, remand is not
necessary. The Court of Appeals, having the complete record

REFERENCES FOR POINTS IN HEADNOTES
[1] 2 Am Jur 2d, Administrative Law § 706 *et seq.*
[2] 2 Am Jur 2d, Administrative Law §§ 718-720.
[3] 5 Am Jur 2d, Appeal and Error § 926.
[4] 68 Am Jur 2d, Schools §§ 185-187, 204.
Sufficiency of notice of intention to discharge teacher, or not to
renew contract, under statutes requiring such notice. 92 ALR2d
751.

and the benefit of briefs on the merits of the issue, can review the tenure commission's decision and grant such relief as the case may require.

4. The state tenure commission correctly ruled that the notice provided petitioner was sufficient to begin the running of the statutory period of limitation and that her appeal was barred because it was not timely.

Reversed in part and affirmed in part.

1. ADMINISTRATIVE LAW — APPEAL — AVENUES OF RELIEF.

A litigant seeking judicial review of a decision by an administrative agency has three potential avenues of relief: the review prescribed in the statute applicable to the particular agency, an appeal pursuant to the statute establishing jurisdiction for such review in the circuit court, or the method of review provided by the Administrative Procedures Act (MCL 24.303-24.305, 600.631; MSA 3.560[203]-3.560[205], 27A.631).

2. ADMINISTRATIVE LAW — ADMINISTRATIVE PROCEDURES ACT — APPEAL.

The Administrative Procedures Act provides that a court is authorized to determine the merits of a petition to review an agency's decision solely on the record without argument or briefs; thus, it was an abuse of discretion for a circuit court to dismiss a petitioner's case for want of prosecution where the petitioner timely filed her petition with the court, served her petition on the respondent, the respondent transmitted the record of its proceedings to the court, and the court did not inform the parties that briefs should be filed by any certain date (MCL 24.304; MSA 3.560[204]; GCR 1963, 520).

3. APPEAL — DISMISSAL — COURT OF APPEALS — DECISIONS ON MERITS — COURT RULES.

Remand of a case wrongfully dismissed by a circuit court without ruling on the merits of the case is not necessary where the complete record and briefs on the merits of the issue are before the Court of Appeals; the court rules grant the Court of Appeals the discretion to grant such relief as is required in such circumstances (GCR 1963, 820.1[7]).

4. SCHOOLS — TEACHERS — LAY-OFFS — NOTICE.

A letter from a board of education to a tenured teacher informing her that she could appeal to the state tenure commission within 30 days the board's decision that she be laid off adequately notified her of her rights to appeal and was sufficient to begin the running of the statutory period of limitation for appeal where the letter was reasonably calculated to inform

her that the 30-day period within which she could appeal commenced with her receipt of the letter (MCL 38.121; MSA 15.2021).

*Foster, Swift, Collins & Coey, P.C.* (by *Thomas A. Baird*), for petitioner.

*Thrun, Maatsch & Nordberg, P.C.* (by *G. Michael White*), for respondents.

Before: BRONSON, P.J., and R. B. BURNS and R. L. BORSOS,* JJ.

PER CURIAM. Petitioner appeals as of right from a circuit court order dismissing her case for want of progress pursuant to GCR 1963, 501.3 and a subsequent order denying her motion for reinstatement.

Petitioner's position with the Bridgeport-Spaulding Community Schools was terminated on May 13, 1980, for alleged economic reasons. The board of education informed her of this decision by sending her a packet of information by certified mail. An enclosed cover letter informed her that, under the teachers' tenure act, she could appeal the board's decision to the state tenure commission within 30 days. On January 13, 1981, petitioner appealed the board's decision to the tenure commission. The tenure commission ruled that her petition was barred because the appeal was filed more than 30 days after she was notified of the board's decision.

Petitioner timely filed a petition for review pursuant to the Administrative Procedures Act (APA), MCL 24.201 *et seq.;* MSA 3.560(101) *et seq.* The board filed an answer and both parties requested the court to accept briefs and hear oral argument. The tenure commission filed the certified record of

---

* Circuit judge, sitting on the Court of Appeals by assignment.

its proceedings on February 3, 1982. Petitioner's case was noticed on the no-progress call of the circuit court for January, 1983. After a hearing held on January 11, 1983, the circuit court dismissed the case for want of progress. In March, 1983, the court denied petitioner's motion for reinstatement.

A litigant seeking judicial review of a decision by an administrative agency has three potential avenues of relief: the review prescribed in the statute applicable to the particular agency, an appeal pursuant to MCL 600.631; MSA 27A.631, or the method of review provided by the Administrative Procedures Act. In the instant case, petitioner pursued judicial review under the APA.

MCL 24.302; MSA 3.560(202) provides:

"Judicial review of a final decision or order in a contested case shall be by any applicable special statutory review proceeding in any court specified by statute and in accordance with the general court rules. In the absence or inadequacy thereof, judicial review shall be by a petition for review in accordance with sections 103 to 105 [MCL 24.303; MSA 3.560(203) to MCL 24.305; MSA 3.560(205)]."

Since the teachers' tenure act, MCL 38.71 *et seq.;* MSA 15.1971 *et seq.,* does not provide for judicial review, petitioner properly pursued relief under the APA.

In accordance with the procedures outlined in MCL 24.303; MSA 3.560(203) to MCL 24.305; MSA 3.560(205), petitioner timely filed her petition with the circuit court, served her petition on respondent, and respondent transmitted the record to the circuit court. Since petitioner completed all the steps necessary to obtain judicial review under the

APA, we believe the circuit court abused its discretion in dismissing the case for want of prosecution under GCR 1963, 501.3.

In *Meadows v Marquette Prison Warden,* 117 Mich App 794, 800-801; 324 NW2d 507 (1982), this Court held that, since under the APA the court is authorized to determine the merits of a petition solely on the record without argument or briefing, a default under the General Court Rules (GCR 1963, 520) could not be entered against the defendant for its failure to respond with a formal answer and the trial court properly rendered a decision on the merits without resolving the default matter.

Similarly, in the instant case, once respondent had transmitted the record to the circuit court, the court was authorized under MCL 24.304; MSA 3.560(204) to render a decision on the merits. Although the parties requested and had been granted the opportunity to submit briefs and have oral argument, the record does not indicate that the court even informed the parties that the briefs should be filed by a certain date. Instead of dismissing the case for want of prosecution, the circuit court should have, at a minimum, held a hearing on the merits without the benefit of briefs. Accordingly, we vacate both the circuit court order dismissing petitioner's case for no progress and denying petitioner's motion for reinstatement.

Although the circuit court, by dismissing petitioner's case for want of progress, made no determination on the merits of petitioner's claim, petitioner urges this Court to consider whether the tenure commission improperly dismissed her petition. Since we have the complete record and the benefit of briefs on the merits of the issue, remand

to the circuit court is unnecessary and we proceed to review the tenure commission's decision.[1]

Petitioner claims that the letter sent by the board of education notifying her of her layoff was deficient because it failed to specify from what date the 30-day appeal period began to run. We disagree.

The board was required to give petitioner notice of her right to appeal its decision to lay her off. *Goodwin v Bd of Ed of City of Kalamazoo School Dist,* 82 Mich App 559; 267 NW2d 142 (1978). The 30-day appeal period was tolled until the board informed petitioner of her rights under the teachers' tenure act. *Id.* Whether the notice accorded petitioner due process depends upon whether it was reasonably calculated, under all the circumstances, to afford her an opportunity to present her objections to the board's decision. *Dow v State of Michigan,* 396 Mich 192, 206; 240 NW2d 450 (1976).

In support of her contention that her layoff notice was deficient, petitioner relies on *Kramer v Van Dyke Public Schools,* 134 Mich App 479; 351 NW2d 572 (1984).[2] In *Kramer,* the petitioner was initially denied reinstatement in September, 1977. She was ultimately recalled two years later and was advised in a letter dated August 21, 1979, that

---

[1] GCR 1963, 820.1(7) provides:

"The Court of Appeals may, at any time, in addition to its general powers, in its discretion and on such terms as it deems just:

\* \* \*

"(7) Give any judgment and make any order which ought to have been given or made, and make such other and further orders and grant such relief, as the case may require".

[2] The Van Dyke Public Schools appealed the circuit court's decision to this Court. On May 14, 1984, another panel of this Court issued an opinion affirming the lower court's decision, *Kramer v Van Dyke Public Schools,* 134 Mich App 475; 351 NW2d 572 (1984). Nothing in the appellate opinion changes our conclusion that the instant case is distinguishable from *Kramer.*

enclosed was a copy of the teachers' tenure act which outlined her rights for a hearing if she disagreed with any board decision. The circuit court found that the board's notice was insufficient as a matter of law because, upon reading the letter and the teachers' tenure act, a reasonable person would have concluded that the only appealable board decision was the board's most recent decision, *i.e.*, the decision to reinstate the petitioner. Based on that factual scenario, the court reasoned that adequate notice required the board to inform petitioner that she had a right to appeal *any* of its previous decisions affecting her employment status and that such an appeal had to be perfected within 30 days of the date of receipt of the letter providing such notice.

The factual circumstances in the instant case did not similarly create an opportunity for misleading petitioner. The board's letter clearly informed petitioner that she had 30 days within which to exercise her right to challenge the board's decision to lay her off. The notice was reasonably calculated to inform petitioner that the 30 days commenced with her receipt of the board's letter.

We conclude that the teachers' tenure commission correctly ruled that the notice provided petitioner was sufficient to begin the running of the statutory period of limitation and that petitioner's appeal was barred for untimeliness.

Reversed in part; affirmed in part. No costs, neither party having prevailed in full.