## HAGEN v DEPARTMENT OF EDUCATION

Docket Nos. 80887, 81024. Submitted October 15, 1985, at Lansing. Decided September 15, 1986. Leave to appeal applied for.

During the 1982-83 school year, plaintiff George L. Hagen was the Superintendent of the Bedford Public Schools. In early November, 1982, Hagen made a written request to the Director of the State Tenure Commission seeking a copy of the commission's decision in *Jacob v Detroit Schools.* Defendant Superintendent of Public Instruction, Phillip Runkel, denied the request on the ground that the case was one in which the teacher had requested a private hearing pursuant to statute and the appellate process had not yet been exhausted. According to Runkel, the statutory right to a "private hearing" before the commission exempted the decisions of the commission from disclosure, pursuant to the Michigan Freedom of Information Act, until such time as the appellate process had been exhausted. An additional request for disclosure was made by the Bedford Public Schools' attorney on December 6, 1982. The request was for copies of all decisions rendered by the commission within the past twelve months wherein the teacher requested a closed hearing, because the Bedford Schools were involved in a proceeding presently before the commission and they believed that the decisions would have a direct effect on the Bedford Schools' case. The December 6, 1982, request was granted in part and denied in part by Runkel in a letter dated December 14, 1982. Runkel indicated that eleven decisions had been rendered in the past twelve months in cases where the teacher had requested a closed hearing. In three of those cases the appellate process had been exhausted. Copies of the decisions in those cases were sent to the Bedford Schools' attorney. The request in regard to the other eight decisions was denied on the basis that the statutory right to a private hearing exempted the decisions from disclosure. On January 12, 1983, plaintiffs Hagen, Bedford

REFERENCES

Am Jur 2d, Depositions and Discovery §§ 420-467.

Am Jur 2d, Schools §§ 149-160.

What are "records" of agency which must be made available under State Freedom of Information Act. 27 ALR4th 680.

Schools and Bedford Board of Education filed a complaint for declaratory judgment and writ of mandamus in the Ingham Circuit Court. In Count I, plaintiffs asserted that they were entitled to a declaratory judgment that the commission's decisions constituted "public records" and, as such, were subject to disclosure under the FOIA. In Count II, plaintiffs claimed that, because the commission's decisions were subject to disclosure, defendants had breached a clear legal duty to permit plaintiffs to examine the decisions. Accordingly, plaintiffs requested that the trial court issue a writ of mandamus directing defendants to produce the decisions for examination by plaintiffs. The Michigan Education Association was permitted to intervene as a party plaintiff. The parties stipulated, however, that MEA would not participate in any oral argument or in evidentiary hearings before the trial court. The complaint filed by MEA on May 17, 1983, contained a request for a declaratory judgment that private decisions of the commission be released pursuant to FOIA, but only after all personal identifying information had been deleted. Defendants filed a motion for summary and accelerated judgment on plaintiffs' complaint on February 2, 1983, and for summary judgment on MEA's complaint on June 1, 1983. The motions were denied. Plaintiffs' subsequent motion for summary judgment was granted in an order dated September 24, 1984, which provided that defendants were to release to plaintiffs complete and unexpurgated copies of the decisions sought by plaintiffs. Enforcement of the order was stayed pending disposition of this case on appeal. As a condition of the stay, defendants were directed to provide plaintiffs with copies of the requested decisions with all personal identifiable information struck from said decisions. Defendants appealed from the grant of summary judgment. The MEA appealed. The appeals were consolidated by the Court of Appeals.

The Court of Appeals *held:*

Decisions of the State Tenure Commission in cases in which the teacher requests a private hearing are exempt from disclosure under the Freedom of Information Act until the appellate process has been exhausted. The trial court erred in determining that the decisions of the Tenure Commission must be disclosed pursuant to the Freedom of Information Act where a teacher has requested a private hearing before the commission and the appellate process has not yet been exhausted.

Reversed as to the summary judgment for plaintiffs.

J. NOECKER, J., dissented. He would hold that the exemption from disclosure does not extend through the judicial appeal process. He would affirm.

OPINION OF THE COURT

1. RECORDS — FREEDOM OF INFORMATION ACT — EXEMPTIONS.

The Freedom of Information Act does not require the disclosure of records or information specifically described and exempted from disclosure by statute (MCL 15.243[1][d]; MSA 4.1801[13][1][d]).

2. SCHOOLS — TEACHER TENURE ACT — FREEDOM OF INFORMATION ACT — STATE TENURE COMMISSION — PRIVATE HEARINGS.

Decisions of the State Tenure Commission in cases in which the teacher requests a private hearing are exempt from disclosure under the Freedom of Information Act until the appellate process has been exhausted (MCL 15.243[1][d], 38.104, subds [a] and [f]; MSA 4.1801[13][1][d], 15.2004, subds [a] and [f]).

*Thrun, Maatsch & Nordberg, P.C.* (by *Thomas J. Nordberg* and *Michael A. Eschelback*), for appellees.

*Foster, Swift, Collins & Coey, P.C.* (by *Lynwood E. Beekman* and *Timothy P. Greeley*), for intervening plaintiff Michigan Education Association.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *Gerald F. Young* and *James E. Riley,* Assistant Attorneys General, for defendants.

Before: V. J. BRENNAN, P.J., and BEASLEY and J. NOECKER,* JJ.

V. J. BRENNAN, P.J. On September 24, 1984, Ingham Circuit Court Judge Carolyn Stell entered an order granting the motion for summary judgment of plaintiffs George L. Hagen, Bedford Public Schools, and the Bedford Board of Education and declaring that plaintiffs had a right, pursuant to the Michigan Freedom of Information Act, to receive complete, unexpurgated copies of all deci-

_____

* Circuit judge, sitting on the Court of Appeals by assignment.

sions of the State Tenure Commission. Defendants
Michigan Department of Education, Michigan
Board of Education, and Phillip Runkel appeal as
of right from the order (Docket No. 80887). Inter-
vening plaintiff, Michigan Education Association,
has also filed a claim of appeal from the order
(Docket No. 81024).

During the 1982-83 school year, George L. Ha-
gen was the Superintendent of the Bedford Public
Schools. In early November, 1982, Hagen made a
written request to the Director of the State Tenure
Commission seeking a copy of the commission's
decision in *Jacob v Detroit Schools* (Commission
Docket No. 77-43-R). Defendant Superintendent of
Public Instruction, Phillip Runkel, denied the re-
quest by letter dated November 9, 1982, on the
ground that the case was one in which the teacher
had requested a private hearing pursuant to § 4 of
1937 (Ex Sess) PA 4, MCL 38.104; MSA 15.2004,
and the appellate process had not yet been ex-
hausted. According to Runkel, the statutory right
to a "private hearing" before the commission ex-
empted the decisions of the commission from dis-
closure, pursuant to § 13(1)(d) of the Michigan
Freedom of Information Act, until such time as
the appellate process had been exhausted. Runkel
also asserted in the letter that disclosure of the
decision would be in violation of § 13(1)(a) of the
FOIA, as a "clearly unwarranted invasion of an
individual's [the teacher's] privacy."

An additional request for disclosure was made
by the Bedford Public Schools' attorney on Decem-
ber 6, 1982. The request was for copies of all
decisions rendered by the commission within the
past twelve months wherein the teacher requested
a closed hearing. The letter provided that Hagen
and the Bedford Public Schools wished copies of
the decisions because the Bedford Schools were

involved in a proceeding presently before the commission and they believed that the decisions would have a direct effect on the Bedford Schools' case.

The December 6, 1982, request was granted in part and denied in part by Runkel in a letter dated December 14, 1982. Runkel indicated that eleven decisions had been rendered in the past twelve months in cases where the teacher had requested a closed hearing. In three of those cases the appellate process had been exhausted. Copies of the decisions in those cases were sent to the Bedford Schools' attorney. The request in regard to the other eight decisions was denied on the basis that the statutory right to a private hearing exempted the decisions from disclosure pursuant to § 13(1)(d) of the FOIA.

On January 12, 1983, plaintiffs Hagen, Bedford Schools and Bedford Board of Education filed a complaint for declaratory judgment and writ of mandamus in the Ingham Circuit Court. In Count I, plaintiffs asserted that they were entitled to a declaratory judgment that the commission's decisions constituted "public records" and, as such, were subject to disclosure pursuant to the FOIA. In Count II, plaintiffs claimed that, because the commission's decisions were subject to disclosure, defendants had breached a clear legal duty to permit plaintiffs to examine the decisions. Accordingly, plaintiffs requested that the trial court issue a writ of mandamus directing defendants to produce the decisions for examination by plaintiffs.

Subsequent to plaintiffs' filing of suit, leave was sought by the Michigan Education Association to intervene as a party plaintiff. By order dated May 4, 1983, the motion to intervene was granted. The parties stipulated, however, that MEA would not participate in any oral argument or in evidentiary hearings before the trial court.

The complaint filed by MEA on May 17, 1983, contained a request for a declaratory judgment that private decisions of the commission be released pursuant to FOIA, but only after all personal identifying information had been deleted.

Defendants filed a motion for summary and accelerated judgment on plaintiffs' complaint on February 2, 1983, and for summary judgment on MEA's complaint on June 1, 1983. The motions were denied in a written opinion and order issued by the trial court on June 20, 1984. Plaintiffs' subsequent motion for summary judgment was granted in an order dated September 24, 1984, which provided that defendants were to release to plaintiffs "complete and unexpurgated copies of the decisions sought by Plaintiff."

Enforcement of the order was stayed pending disposition of this case on appeal. As a condition of the stay, defendants were directed to provide plaintiffs with copies of the requested decisions "with all personal identifiable information struck from said decisions."

Defendants filed a claim of appeal from the grant of summary judgment with this Court on October 9, 1984. MEA filed its claim of appeal on October 15, 1984. The appeals were consolidated on this Court's own motion on October 26, 1984.

The question is whether the trial court erred as a matter of law in determining that plaintiffs were entitled to complete, unexpurgated copies of decisions of the State Tenure Commission where private hearings had been requested by the teachers and appeals from the decisions had not yet been exhausted.

The FOIA, MCL 15.231 et seq.; MSA 4.1801(1) et seq., provides for the disclosure of "public records" in the possession of a "public body." MCL 15.233;

MSA 4.1801(3). The reason for requiring the disclosure of public records is explained in the act as follows:

> It is the public policy of this state that all persons are entitled to full and complete information regarding the affairs of government and the official and public employees, consistent with this act. The people shall be informed so that they may fully participate in the democratic process. [MCL 14.231(2); MSA 4.1801(1)(2).]

Certain documents and information are, however, exempt from disclosure pursuant to § 13 of the FOIA. Under § 13(1)(d) of the act, disclosure is not required of "[r]ecords or information specifically described and exempted from disclosure by statute." MCL 15.243(1)(d); MSA 4.1801(13)(1)(d).

In the instant case, defendants argue that the trial court erred in determining that the provisions of the teacher tenure act, MCL 38.71 *et seq.;* MSA 15.1971 *et seq.,* did not specifically describe and exempt from disclosure decisions of the commission. Under § 1 of article IV of the tenure act, a hearing before the controlling school board is required before a tenured teacher may be discharged or demoted. MCL 38.101; MSA 15.2001. The hearing is to be conducted in accordance with certain provisions set forth in article IV, § 4 of the tenure act. Article IV, § 4, provided in pertinent part:

> a. The hearing shall be public or private at the option of the teacher affected.
>
>      *    *    *
>
> f. Any hearing held for the dismissal or demotion of a teacher, as provided in this act, must be *concluded by a decision* in writing, within 15 days *after the termination of the hearing.* A copy of

such decision shall be furnished the teacher affected within 5 days after the decision is rendered. [MCL 38.104, subds (a) and (f); MSA 15.2004, subds (a) and (f). Emphasis added.]

Once a decision has been reached by the controlling school board, the teacher has the right to appeal the decision to the State Tenure Commission. Notice and conduct of the hearing before the commission "shall be the same as provided in article 4, section 4." MCL 38.121; MSA 15.2021. Thus, a teacher has the right to choose to have a private hearing before both the local school board and the commission.

Resolution of the issue of whether the decisions of the commission are specifically exempted from disclosure by statute depends on the interpretation of the word "hearing" as used in article IV, §§ 4(a) and 4(f) of the tenure act. If "hearing" is defined as encompassing the decisions rendered by the commission, then the statutory provision granting the right to a private "hearing" before the commission could be interpreted as specifically describing and exempting from disclosure under the FOIA a decision of the commission, at least until such time as judicial appeals from the commission's decision are exhausted.

Under generally recognized principles of statutory construction, where the language of a provision is plain and unambiguous, judicial construction or attempted interpretation to vary the meaning of the provision is proscribed. *Cole v DAIIE,* 137 Mich App 603, 608; 357 NW2d 898 (1984). However, if ambiguity exists, it is this Court's duty to give effect to the intent of the Legislature in enacting the statute. To resolve a perceived ambiguity, a court will look to the object of the statute, the evil or mischief which it is designed to remedy,

and will apply a reasonable construction which best accomplishes the statute's purpose. Also, ambiguous statutes will be interpreted as a whole and construed so as to give effect to each provision and to produce a harmonious and consistent result. Further, specific words in a given statute will be assigned their ordinary meaning unless a different interpretation is indicated. *R & T Sheet Metal, Inc v Hospitality Motor Inns, Inc,* 139 Mich App 249, 253-254; 361 NW2d 785 (1984).

In the instant case, article IV, §§ 4(a) and 4(f) of the tenure act are ambiguous as to whether "hearing" includes the rendering of a decision on a case. The first sentence of subsection (f) provides that the hearing shall be "concluded by a decision." This tends to indicate that the decision is part of the hearing procedure. Nonetheless, the sentence continues and provides the decision is to be rendered "after the termination of the hearing," which suggests that the decision is rendered only after the hearing has been concluded and, thus, is not part of the hearing procedure itself. Consequently, the statutory provision is ambiguous as to whether the decision of the commission is to be considered part of the "hearing."

Consideration of the ordinary meaning of the word "hearing" does little to resolve the ambiguity present in the statute. According to the fourth edition of Black's Law Dictionary, a "hearing" is generally viewed as encompassing "whatever takes place before magistrates clothed with judicial functions and sitting without jury at any stage of the proceedings subsequent to its inception. The definition further provides that the hearing "may" terminate in final order and include "decree of court." Accordingly, the definition merely indicates that the decision of a judicial or quasi-judicial body may or may not be part of a "hearing."

In attempting to resolve the ambiguity, however, consideration of the "evil or mischief," which the tenure act was designed to remedy, is instructive of the Legislature's intended scope of the word "hearing." As was recognized by the Supreme Court in *Weckerly v Mona Shores Bd of Ed,* 388 Mich 731, 734; 202 NW2d 777 (1972), the purpose of the tenure act is that of "protecting teachers' rights." In conformity with the policy of protecting teachers' rights, the Attorney General has opined that the right to a private hearing before the commission includes the right to keep the decision of the commission private until appeals have been exhausted. OAG, 1959-1960, No. 3296, p 177 (September 1, 1959). In his opinion, the Attorney General reasoned that the provision granting teachers the right to a private hearing both before the local school board and before the commission supported a determination that the Legislature intended that the right to privacy continue through the appeal process. According to the Attorney General, in order for the right to a private hearing to be meaningful, it would be necessary for the decisions of the local school board and the commission to remain confidential until the decisions became final and no further appeal was available.

This Court has similarly ruled that the decision of the commission is part of a hearing before the commission and must remain confidential until exhaustion of judicial appeals. *Royal Oak School Dist v Schulman,* 68 Mich App 589; 243 NW2d 673 (1976). In *Schulman,* the issue before this Court was whether the decision to dismiss or demote a teacher must be made by the local school board at a public meeting pursuant to the public board meetings act, MCL 15.251 *et seq.;* MSA 4.1800(1) *et seq.,* where the teacher has previously requested that hearings regarding his discharge be held

privately pursuant to article IV, § 4, of the tenure act. In determining whether the right to a private hearing encompassed the right to keep a decision of the local school board confidential until all appeals from the decision have been exhausted, this Court looked to the intent behind the tenure act and found that the act was to be interpreted in favor of the legislative purpose of protecting teachers' rights. 68 Mich App 593. In accordance with that policy, this Court found that the decision of the school board was part of the "hearing" and could be kept private until the teacher had exhausted the appellate processes.

Although the instant case involves the disclosure requirements of the FOIA rather than those of the public board meetings act, the policy concerns behind the teacher tenure act are equally applicable. If the decisions are released prior to exhaustion of the appellate process, a wrongfully discharged or demoted teacher might choose to forego available procedures simply because of the pressure by the public to resign and avoid further embarrassment. Accordingly, in order to preserve the teacher's right to a private hearing and the policies behind the Legislature's grant of such a right, the word "hearing" in article IV, § 4, of the tenure act must be interpreted under *Schulman* as encompassing the decision of the commission.

The trial court, however, found that *Schulman* was not applicable to the instant case because, subsequent to the rendering of that decision, the Legislature amended article VII, § 9 of the teacher tenure act to provide that "[a] writing prepared, owned, used, in the possession of, or retained by the commission in the performance of an official function shall be made available to the public" in compliance with the FOIA. MCL 38.139; MSA 15.2039. The trial court found that this amend-

ment indicated that the Legislature intended that the policies behind the tenure act not be viewed as requiring exemption from disclosure. There is no authority which supports the trial court's interpretation of article VII, § 9. The amendment could be interpreted as merely indicating the intent of the Legislature to consider the commission a public body and its writings as public records. Since there is nothing in article VII, § 9, that indicates that specific statutory exemptions are no longer to be considered as justifying nondisclosure, the trial court erred in interpreting article VII, § 9, as justifying disclosure of the commission's decisions in the instant case.

Moreover, intervening plaintiff's contention that the decisions should be released but with deletions of identifying information is without merit. Under § 14 of the FOIA, MCL 15.244; MSA 4.1801(14), where a record contains material which is not exempt from disclosure under § 13, the exempt material is to be separated from the nonexempt material. Section 14 is not applicable to the instant case because the entire decision of the commission is exempt from disclosure pursuant to § 13(1)(d) of the act. If article IV, § 4, of the tenure act is to be interpreted as including within the meaning of the word "hearing" the rendering of a decision with the right to a private hearing, then the decision as a whole, and not just the personal identifying information in the decision, must be found to be exempt from disclosure. Consequently, no part of the decision of the commission, where a private hearing has been requested and the appellate process has not yet been exhausted, is subject to disclosure under the FOIA.

The trial court erred in determining that the decision of the Tenure Commission must be disclosed pursuant to the Freedom of Information Act

where a teacher has requested a private hearing before the commission and the appellate process has not yet been exhausted. Accordingly, the order granting summary judgment to plaintiffs is reversed.

J. NOECKER, J. *(dissenting)*. While I agree with the majority that the correct interpretation of "hearing" as used in MCL 38.104, subds (a) and (f); MSA 15.2004, subds (a) and (f), includes the decision of both the local school board and the State Tenure Commission, I am unable to agree that the word "hearing" includes judicial appeals taken from the commission's decision. In my view had the Legislature so intended, they could have said so. I would vote to affirm the trial court.