HAGEN v DEPARTMENT OF EDUCATION

(BEDFORD PUBLIC SCHOOLS v DEPARTMENT OF EDUCATION)

Docket Nos. 79524, 79525. Argued December 8, 1987 (Calendar No. 1). Decided August 23, 1988.

George L. Hagen, as superintendent of the Bedford Public Schools, requested a copy of a certain State Tenure Commission decision under the Michigan Freedom of Information Act for the purpose of determining whether the commission's decision would affect a separate matter pending before the commission involving the Bedford Schools. The request was denied by the Superintendent of Public Instruction on the ground that, because the teacher in the case had requested a private rather than a public hearing, the decision rendered following the private hearing was part of the hearing and did not have to be released until the teacher exhausted all appeals. Thereafter, the district requested unredacted copies of all tenure commission decisions issued during the previous year in which a closed hearing had been demanded, but expressly stated that copies with identifying information deleted would be satisfactory. Unredacted copies of three decisions in which appeals were exhausted were released; however, in eight cases in which appeals were not exhausted, the request was denied. The district then brought an action for declaratory judgment and a writ of mandamus in the Ingham Circuit Court, seeking release of unredacted copies of the decisions. The Michigan Education Association was permitted to intervene as a plaintiff. The court, Carolyn Stell, J., granted summary judgment for the plaintiffs and ordered the release of complete and unexpurgated copies of the requested documents. The Court of Appeals, BRENNAN, P.J., and BEASLEY and J. NOECKER, JJ., reversed (Docket Nos. 80887, 81024). The plaintiffs appeal.

In an opinion by Justice CAVANAGH, joined by Chief Justice

REFERENCES

Am Jur 2d, Schools § 204.

What constitutes personal matters exempt from disclosure by invasion of privacy exemption under state freedom of information act. 26 ALR4th 666.

Sufficiency of teacher's request for hearing, under statute requiring hearing on request before discharge. 89 ALR2d 1018.

RILEY and Justices ARCHER and GRIFFIN, the Supreme Court *held:*

Decisions of the State Tenure Commission in cases in which a teacher requests a private hearing as provided under the teacher tenure act are exempt from disclosure under the Michigan Freedom of Information Act only during the administrative stage of the teacher's appeal; once a final decision has been rendered and the appeal period of the Administrative Procedures Act has run, the FOIA provides no basis for withholding a decision, and a request for disclosure must be honored.

1. The Michigan Freedom of Information Act requires a public body to disclose all public records which are not specifically exempt from disclosure under the act. The policy underlying the act is full and complete disclosure. There is a presumption of disclosability, and exemptions are narrowly construed. The State Tenure Commission, as part of the Department of Education, is a public body subject to the disclosure requirements of the act, and its written decisions are public records as defined by the act. In this case, the plaintiffs' requests were denied on the basis of the exception to disclosure in § 13(1)(d) for public records specifically exempted by another statute, viz., article IV, § 4 of the teacher tenure act, which permits a teacher facing discharge or demotion to choose a private hearing and review.

2. The spirit of the teacher tenure act to provide teachers with private hearings can only be maintained by also keeping decisions rendered following hearings private. Thus, when a private hearing has been requested, the decisions of the local board and the tenure commission are statutorily exempt from disclosure under the FOIA. However, nondisclosure is permitted only to the extent a private hearing is provided by statute. Under the teacher tenure act, a private hearing is provided only before the local board of education and the State Tenure Commission, i.e., at the administrative level. Once a final decision has been rendered and the appeal period of the Administrative Procedures Act has run, there is no basis under the FOIA for withholding a decision of the commission, and a subsequent request for disclosure of any commission decision must be honored. The requirement of disclosure applies to any decision of the tenure commission regardless of whether the teacher further seeks judicial review.

Reversed.

Justice BOYLE, joined by Justices LEVIN and BRICKLEY, concurring in part and dissenting in part, agreed that the teacher tenure act does not exempt from disclosure tenure commission

decisions that are judicially reviewed and that the purpose of the tenure act may only be achieved by keeping the decisions of the tenure commission and the hearings before it private. A decision of the tenure commission is only one aspect of the hearing procedure. The statutory right of tenured teachers to elect a private hearing is essential to the fulfillment of the broader objectives of the tenure act. The release of tenure decisions by the commission is inconsistent with both this right and the broader objectives of the act. Properly read, § 4 of the tenure act exempts from disclosure decisions of the tenure commission. In addition, the decisions of the commission need not be disclosed under the Michigan Freedom of Information Act or § 104 of the Administrative Procedures Act. Nothing in § 104 suggests that tenure proceedings automatically move beyond the administrative level at the expiration of the appeal period; rather, it suggests that movement beyond the administrative stage of proceedings is foreclosed upon expiration of the appeal period. Once proceedings have moved beyond the administrative stage, responsibility for the record shifts to the circuit court, and the FOIA is inapplicable.

154 Mich App 662; 398 NW2d 485 (1986) reversed.

SCHOOLS — FREEDOM OF INFORMATION ACT — STATE TENURE COMMISSION DECISIONS — EXEMPTIONS FROM DISCLOSURE.

Decisions of the State Tenure Commission in cases in which a teacher requests a private hearing as provided under the teacher tenure act are exempt from disclosure under the Michigan Freedom of Information Act only during the administrative stage of the teacher's appeal; once a final decision has been rendered and the appeal period of the Administrative Procedures Act has run, the FOIA provides no basis for withholding a decision, and a request for disclosure must be honored (MCL 15.243[1][d], 38.104, 38.121; MSA 4.1801[13][1][d], 15.2004, 15.2021).

*Thrun, Maatsch & Nordberg, P.C.* (by *Thomas J. Nordberg* and *Kenneth Harned*), for the plaintiffs.

*Foster, Swift, Collins & Coey, P.C.* (by *Lynwood E. Beekman* and *Kathryn A. VanDagens*), for the intervening plaintiff.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *Gerald F. Young*

and *Frank J. Monticello,* Assistant Attorneys General, for the defendants.

CAVANAGH, J. The sole issue presented here is the extent to which the Michigan Department of Education may suppress decisions of the State Tenure Commission under exemption (1)(d) of § 13 of the Michigan Freedom of Information Act. MCL 15.243(1)(d); MSA 4.1801(13)(1)(d). We hold that tenure commission decisions may only be withheld during the administrative stage of a teacher's appeal. After this point in the review process, the commission decisions may be released in their entirety. We reverse the decision of the Court of Appeals and reinstate the circuit court order requiring defendants to release the requested decisions to plaintiffs.

I

On November 3, 1982, plaintiff George Hagen, superintendent of the Bedford School District, on behalf of plaintiffs Bedford Public Schools and Bedford Board of Education, made a Michigan Freedom of Information Act request to the director of the State Tenure Commission for a copy of a certain commission decision. Plaintiffs had a matter pending before the tenure commission, and they wanted to determine if the commission had rendered a decision which would affect it. Mr. Hagen did not indicate in his request whether a redacted version of the decision would be satisfactory. Defendant Phillip Runkel, Superintendent of Public Instruction, denied the request, reasoning that the teacher in the case had opted for a private hearing, that the commission decision was part of the private hearing, and that it did not have to be released until the teacher exhausted the appellate process.

Plaintiffs made a subsequent FOIA request on December 6, 1982, for copies of all tenure commission decisions issued in the previous year in which a closed hearing had been demanded. Counsel for the plaintiffs expressly stated in the request that if the commission was not going to release unredacted copies of the decisions, it would be satisfactory if identifiable information were struck from them. Runkel responded that in the previous twelve months the commission had issued eleven decisions in which a private hearing had been requested. He released three of those decisions in their entirety because the appellate processes had already been exhausted. Runkel denied plaintiffs' request as to the remaining eight commission decisions because the appellate processes had not been exhausted.

Plaintiffs filed a complaint for declaratory judgment and writ of mandamus in the circuit court, naming Runkel, the Michigan Department of Education, and the State Board of Education as defendants. Plaintiffs sought release of the requested decisions either in their complete form, or with personally identifiable information deleted. Intervening plaintiff Michigan Education Association joined the litigation at that point.

On September 24, 1984, the circuit court granted plaintiffs' motion for summary judgment, and ordered defendants to release complete and unexpurgated copies of the documents sought by plaintiffs. The circuit court also granted a stay of its order pending defendants' appeal, directing defendants to provide plaintiffs with copies of the requested decisions with proper nouns stricken.

The Court of Appeals reversed the decision of the circuit court, using reasoning similar to defendant Runkel's. 154 Mich App 662; 398 NW2d 485

(1986). We granted leave to appeal, limited to the issue stated above. 428 Mich 909 (1987).

II

Plaintiffs made their requests for the tenure commission decisions pursuant to the Michigan Freedom of Information Act. MCL 15.231 *et seq.;* MSA 4.1801(1) *et seq.* The requests must therefore be granted or denied pursuant to that statute. The FOIA requires a public body to disclose all public records which are not specifically exempt from disclosure under the act:

> Upon an oral or written request which describes the public record sufficiently to enable the public body to find the public record, a person has a right to inspect, copy, or receive copies of a public record of a public body, except as otherwise expressly provided by section 13. [MCL 15.233(1); MSA 4.1801(3)(1).]

This Court has consistently recognized that the thrust of the FOIA is a policy of full and complete disclosure, as expressed in the act's statement of public policy:

> It is the public policy of this state that all persons are entitled to full and complete information regarding the affairs of government and the official acts of those who represent them as public officials and public employees, consistent with this act. The people shall be informed so that they may fully participate in the democratic process. [MCL 15.231(2); MSA 4.1801(1)(2).]

See, e.g., *Kestenbaum v Michigan State Univ,* 414 Mich 510, 521; 327 NW2d 783 (1982), reh den 417 Mich 1103 (1983); *State Employees Ass'n v Dep't of Management & Budget,* 428 Mich 104, 109; 404 NW2d 606 (1987).

The FOIA "presumes records are disclosable,"[1] and a public body may deny a request only upon a showing that the requested information falls within one of the exemptions in § 13 of the act. The exemptions must be narrowly construed. *State Employees Ass'n, supra,* p 110.

The State Tenure Commission, as part of the Michigan Department of Education, is a public body subject to the disclosure requirements of the FOIA. MCL 15.232(b)(i); MSA 4.1801(2)(b)(i). The tenure act itself acknowledges that the tenure commission is bound by the requirements of the FOIA:

A writing prepared, owned, used in the possession of, or retained by the commission in the performance of an official function shall be made available to the public in compliance with Act No. 442 of the Public Acts of 1976, being sections 15.231 to 15.246 of the Michigan Compiled Laws. [MCL 38.139(2); MSA 15.2039(2).]

Further, there is no dispute that the tenure commission's written decisions are public records as defined in the FOIA. MCL 15.232(c); MSA 4.1801(2)(c).

Defendant Runkel denied both of plaintiffs' requests on the basis of exception (1)(d) of § 13 of the FOIA, which allows nondisclosure of public records which another statute specifically exempts from disclosure.[2]

---

[1] *UPGWA v Dep't of State Police,* 422 Mich 432, 441; 373 NW2d 713 (1985) (opinion by LEVIN, J.).

[2] In his denial of plaintiffs' first request, defendant Runkel also mentioned the privacy exemption of the FOIA as a basis for nondisclosure. MCL 15.243(1)(a); MSA 4.1801(13)(1)(a). Defendants abandoned this defense in circuit court, and the Court of Appeals based its decision solely on exemption (1)(d) without discussing the privacy exemption.

A public body may exempt from disclosure as a public record under this act:

* * *

(d) Records or information specifically described and exempted from disclosure by statute. [MCL 15.243(1)(d); MSA 4.1801(13)(1)(d).]

The statute which Runkel claimed exempted the tenure commission decisions from disclosure is art IV, § 4 of the teacher tenure act, which permits a teacher facing discharge or demotion to opt for a private, rather than a public, hearing before the local board of education. The relevant portions of § 4 provide:

a. The hearing shall be public or private at the option of the teacher affected.

* * *

f. Any hearing held for the dismissal or demotion of a teacher, as provided in this act, must be concluded by a decision in writing, within 15 days after the termination of the hearing. A copy of such decision shall be furnished the teacher affected within 5 days after the decision is rendered. [MCL 38.104; MSA 15.2004.]

Article IV, § 4, while referring to a local school board's initial review, also applies to a subsequent review by the State Tenure Commission, pursuant to art VI, § 1 of the tenure act. MCL 38.121; MSA 15.2021.

Defendants and the Court of Appeals interpreted "hearing" as used in § 4(f) as encompassing the written decision, because the hearing must be "concluded by" the decision. According to that interpretation, a decision rendered following a private hearing is part of that hearing and is also private, pursuant to art IV, § 4 of the tenure act. That provision, in turn, qualifies it as a statutory

exemption from disclosure for purposes of the
FOIA. The Court of Appeals thus held:

> If article IV, § 4, of the tenure act is to be
> interpreted as including within the meaning of the
> word "hearing" the rendering of a decision with
> the right to a private hearing, then the decision as
> a whole, and not just the personal identifying
> information in the decision, must be found to be
> exempt from disclosure. Consequently, no part of
> the decision of the commission, where a private
> hearing has been requested and the appellate
> process has not yet been exhausted, is subject to
> disclosure under the FOIA. [154 Mich App 673.]

Plaintiffs contend that the defendants and the
Court of Appeals have misconstrued the plain
meaning of art IV, § 4. Plaintiffs assert that while
a hearing before the tenure commission may be
private, the decision rendered after a private hear-
ing is not part of it, and hence is not exempt from
disclosure under the FOIA.

We find it unnecessary to answer the narrow
question whether, in art IV, § 4(f), the Legislature
intended to incorporate "decision" within the term
"hearing." The correct reading of § 4(f) is not
dispositive of the present issue. Rather, the spirit
of art IV, § 4, to provide teachers with the option
of a private hearing, can only be maintained by
keeping the decisions private also. Thus, on the
basis of art IV, § 4, when a private hearing has
been requested, the decisions of the local board
and the tenure commission are exempt from dis-
closure under the statutory exemption in the FOIA.

Such exemption, however, allows nondisclosure
only to the extent that a private hearing is statu-
torily provided for. Under art IV, § 4 of the tenure
act, a teacher is entitled to a private hearing only

before the local board of education and, pursuant to art VI, § 1, before the State Tenure Commission. There is no assertion, for example, that a teacher who exercises the right to circuit court review of a commission decision[3] has a statutory right to a closed proceeding at the circuit court level. Nor is there a suggestion that such a right exists if further review is granted by the Court of Appeals or this Court. The statutory right to a private hearing in tenure proceedings exists only at the administrative level. Therefore, beyond this phase of the review process, there is no basis under the statutory exemption in the FOIA for withholding a tenure commission decision, and a request for disclosure of a decision must be honored.[4] This holding applies to any commission decision, regardless of whether the teacher seeks judicial review of the commission ruling. Further, absent an exception to justify nondisclosure, the commission decisions are subject to "full and complete" disclosure under the FOIA. Hence, the circuit court in the present case properly ordered the release of unexpurgated copies of the decisions.

Finally, defendants' reliance on the FOIA to support the withholding of tenure commission decisions which are under judicial review is improper. The FOIA excludes the judiciary from the act's definition of a "public body." MCL 15.232(b)(v); MSA 4.1801(2)(b)(v).

---

[3] *Nestell v Bridgeport-Spaulding Bd of Ed,* 138 Mich App 401, 404; 360 NW2d 200 (1984), clarified that judicial review of a tenure commission decision is properly sought under MCL 24.302; MSA 3.560(202), since the teacher tenure act does not specifically provide for judicial review.

[4] Specifically, a tenure commission decision following a private hearing is subject to disclosure after the expiration of the sixty-day limit established for filing a motion for rehearing before the commission. 1979 AC, R 38.158. Of course, if rehearing is granted, the administrative process is not complete and the decision is not yet subject to disclosure.

III

Defendant Runkel and the Court of Appeals relied on *Royal Oak School Dist v Schulman,* 68 Mich App 589; 243 NW2d 673 (1976), in finding that tenure commission decisions following a private hearing must be withheld throughout the administrative and judicial appeal process. In *Schulman,* the appellant tenured teacher, facing charges of unsatisfactory performance, exercised his right under the teacher tenure act and requested a private hearing before the appellee's school board. After the hearing, the board issued a decision dismissing the teacher. He appealed to the State Tenure Commission, alleging that the board erroneously failed to render its decision at a public meeting, as required under § 561 of the School Code of 1955, MCL 340.561; MSA 15.3561.[5] The tenure commission agreed that the decision did not satisfy the public notice requirements, but the circuit court reversed, finding that once the teacher elected a private hearing, that hearing encompassed the decision also, and it did not have to be rendered publicly. The Court of Appeals affirmed:

> We hold that where a teacher elects a private hearing the board of education's decision to dismiss or demote may be kept private until the teacher has exhausted the appellate processes. [68 Mich App 593.]

We find *Schulman*'s novel interpretation of art IV, § 4 unpersuasive for the reasons discussed in

---

[5] The School Code of 1955 has been replaced by the School Code of 1976, which contains a parallel "public meetings" section. MCL 380.1201; MSA 15.41201. Likewise, the public board meetings act, MCL 15.251 *et seq.;* MSA 4.1800(1) *et seq.,* which governed the boards' notice requirements for such meetings, was replaced in 1977 by the Open Meetings Act. MCL 15.261 *et seq.;* MSA 4.1800(11) *et seq.*

section II. In addition, there are several differences between *Schulman* and the present case which undermine *Schulman*'s relevance.

The *Schulman* plaintiff alleged error under the public board meetings act (repealed and replaced by the Open Meetings Act). Plaintiffs here allege error under the FOIA. The motive behind each plaintiff's case is different. Plaintiffs in the present case sought copies of decisions of the Teacher Tenure Commission. The plaintiff in *Schulman* was not concerned with obtaining a decision, but instead wanted to somehow attack the decision rendered. He did so by claiming it should have been released at a public meeting. Thus, the focus of the Court of Appeals analysis in each case was different.[6]

Significantly, *Schulman* predates the April, 1977, effective date of Michigan's FOIA. After the FOIA was enacted, the teacher tenure act was amended to include MCL 38.139(2); MSA 15.2039(2), which states that the tenure commission is subject to the disclosure requirements of the FOIA. It is unlikely the *Schulman* panel would have reached the same result in light of the FOIA, and the tenure act's statutory acknowledgment of it.

Other than the present Court of Appeals opinion, *Schulman* is the only Michigan case which deals with the present issue. An Attorney General opinion also addressed a similar question, however. In 1 OAG, 1959-1960, No 3296, p 177 (September 1,

[6] In fact, the *Schulman* Court may have used the wrong analysis in addressing the plaintiff's claim. The Court accepted the plaintiff's premise that the decision, which is required to be in writing, would normally have to be rendered at a public meeting. Since the plaintiff had opted for a private hearing, however, the Court deemed the requirement inapplicable. Instead, the logical approach would seem to have been to hold that the requirement of an open meeting does not apply to the release of a written decision, whether the teacher chose a public or private hearing.

1959), the Attorney General framed the issue as follows:

> When a teacher requests a private hearing under the Tenure of Teachers Act, what matters, if any, of the proceedings taken before either the school board or tenure commission can be revealed as public information?

The statement of the issue readily indicates that the case only involved part of the present issue: the extent of privacy at the administrative level, i.e., before the local school board and the tenure commission. The case did not pose the additional question presented here: whether the tenure commission decision in a private hearing remains confidential in the judicial stage of the appeal process.

The Attorney General's resolution of the more narrow question it addressed does not contradict the present holding:

> [I]t is clear that the legislature itself has continued the protection through the appeal process to include the hearing before the tenure commission, at the election of the teacher. It follows that if the teacher elects to have a private hearing on appeal, both procedures are in that event protected by the statute.
>
> Summing up, then, a private hearing remains private throughout the hearing and decision process, until a final decision is reached. The text of the decision becomes public when the decision becomes final, and no appeal lies. [*Id.,* pp 178-179.]

When read in isolation, the last sentence of the above quotation seems to support defendants' argument that the decision should remain confidential

throughout the judicial review process also. However, considered in the context of the entire quotation and the analysis which precedes it, it is clear that the Attorney General was not even addressing that broader question. When he referred to the "final decision," he was referring to the decision of the tenure commission, which he had previously discussed.

We reverse the decision of the Court of Appeals and reinstate the circuit court order granting summary judgment for plaintiffs. The order's requirement that defendants fully disclose the requested decisions is limited, for the reasons previously stated, to those final decisions of the tenure commission in which the appeal period of the Administrative Procedures Act has run.

RILEY, C.J., and ARCHER and GRIFFIN, JJ., concurred with CAVANAGH, J.

BOYLE, J. (*concurring in part and dissenting in part*). I agree with the majority's conclusion that art IV, § 4 of the teacher tenure act, MCL 38.104(a); MSA 15.2004(a), does not exempt from disclosure tenure commission decisions that are judicially reviewed.[1] I also agree that the purpose of art IV, § 4 may only be achieved by keeping the decisions of the Teacher Tenure Commission, as well as the hearings before the commission, private. Indeed, my reading of art IV, § 4 of the teacher tenure act indicates that the decision of

---

[1] Under § 104 of the Administrative Procedures Act, MCL 24.304(2); MSA 3.560(204)(2), the agency must transmit to the reviewing court the original or certified copy of the entire record. We are not apprised of the practice of the tenure commission in retaining the original, a copy, or any record of its proceedings in addition to the record transmitted to the circuit court. Presumably, since the agency does not argue otherwise, their record-keeping procedures are not a basis for withholding disclosure.

the commission is but one aspect of the hearing procedure.[2]

The statutory right of tenured teachers to elect a private hearing is essential to the fulfillment of the broader objectives of the tenure act. As we have noted in the past:

> [T]he primary purposes of the teacher tenure act are to maintain an adequate and competent teaching staff, free from political and personal interference, *Detroit Bd of Ed v Parks,* 417 Mich 268; 335 NW2d 641 (1983), and to protect teachers from arbitrary and capricious employment practices of school boards. See *Davis v Harrison Bd of Ed,* 126 Mich App 89; 342 NW2d 528 (1983). [*Tomiak v Hamtramck School Dist,* 426 Mich 678, 686-687; 397 NW2d 770 (1986).]

The tenure act achieves these objectives, in part, by removing from the political arena what is essentially and properly a personnel matter.

Our primary objective in construing statutory requirements is to discover and give effect to the legislative intent. *Williams v Hofley Mfg Co,* 430 Mich 603, 612; 424 NW2d 278 (1988); *State Treasurer v Wilson,* 423 Mich 138, 143; 377 NW2d 703 (1985); *Hiltz v Phil's Quality Market,* 417 Mich 335, 343; 337 NW2d 237 (1983). The release of tenure decisions by the commission is inconsistent

---

[2] MCL 38.104(f); MSA 15.2004(f) provides in part:

Any hearing held for the dismissal or demotion of a teacher, as provided in this act, must be concluded by a decision in writing, within 15 days after the termination of the hearing.

While the third clause of this sentence suggests some ambiguity as to whether the decision is included within the word "hearing," any apparent ambiguity is resolved with an understanding that "paper hearings" are allowed under the Administrative Procedures Act, 1970 PA 40. See MCL 24.275; MSA 3.560(175). In its broad sense, the word would embrace adversary, ex parte, or paper hearings. See Black's Law Dictionary (5th ed), p 649.

with both the clear, statutory right of teachers to private tenure hearings and the broader objectives of the tenure act itself. No discernible purpose could be served by granting teachers the right to a private hearing, while requiring the commission to release evidence and rulings derived from the same hearings. Thus, in my view, § 4 of the tenure act, MCL 38.104; MSA 15.2004, is properly read as exempting the disclosure of the decisions of the tenure commission. These decisions need not be disclosed under § 13(1)(d) of the Michigan Freedom of Information Act, MCL 15.243(1)(d); MSA 4.1801(13)(1)(d).

I do not join that portion of the majority opinion which appears to hold that the FOIA requires disclosure of these decisions after the expiration of the appeal period from the agency decision under § 104 of the Administrative Procedures Act. MCL 24.304(1); MSA 3.560(204)(1). Nothing in § 104 of the APA suggests that tenure proceedings automatically move beyond the administrative level at the expiration of the appeal period. Indeed, my reading of § 104 of the APA suggests that movement beyond the administrative stage of proceedings is *foreclosed* upon expiration of the appeal period. Moreover, as the majority observes, once proceedings *have* moved beyond the administrative stage, responsibility for the record shifts to the circuit court and the FOIA is inapplicable. See MCL 15.232(b)(v); MSA 4.1801(2)(b)(v). See also MCR 8.116(D). I would, therefore, be inclined to question the Teacher Tenure Commission's practice of releasing copies of unappealed matters upon expiration of the appeal period from the final agency decision.

However, we need not reach this issue on these facts. No actual controversy exists between these parties regarding the release of final decisions of

the Teacher Tenure Commission that have not been appealed. See MCR 2.605(A)(1) and 3 Martin, Dean & Webster, Michigan Court Rules Practice (3d ed), Rule 2.605, comment 3, pp 423-425. As previously noted, it has been the practice of the commission to release its final decisions at the expiration of the sixty-day period when no appeal from the agency decision has been perfected. Neither the plaintiffs nor the intervening plaintiff have challenged this practice of the tenure commission, and no party has moved for, or in opposition to, the suppression of a circuit court record.

LEVIN and BRICKLEY, JJ., concurred with BOYLE, J.