Per Curiam.
 

 Following adverse decisions before the State Tenure Commission, each of the teachers in these cases filed a claim of appeal. Their claims of appeal were dismissed by orders of this Court stating that “[a] final order of the Tenure Commission is appealable by leave to the Court of Appeals” under MCL 38.104(7); MSA 15.2004(7). Appellants sought leave to appeal to the Supreme Court. In lieu of granting leave, the Supreme Court vacated this Court’s orders and remanded the cases for plenary consideration of the question whether the 1993 amendments of the teacher tenure act, MCL 38.71
 
 el seq.;
 
 MSA 15.1971
 
 el seq.,
 
 eliminated appeals of right from commission decisions. 459 Mich 891, 905 (1998). We conclude that the orders previously entered in these cases were correct.
 

 Before the 1993 amendments, which were enacted as 1993 PA 59 and 60, an aggrieved party seeking judicial review of a commission decision could either seek review pursuant to the Administrative Procedures Act, MCL 24.303; MSA 3.560(203), or pursue an appeal under the Revised Judicature Act, MCL 600.631; MSA 27A.631. See
 
 Hagen v Dep’t of Ed,
 
 431 Mich 118, 127, n 3; 427 NW2d 879 (1988);
 
 Nestell v Bridgeport-Spaulding Community Schools Bd of Ed,
 
 138 Mich App 401, 404; 360 NW2d 200 (1984);
 
 Elgammal v Macomb Co Intermediate School Dist Bd of Ed,
 
 83 Mich App 444; 268 NW2d 679 (1978). Under both statutes, the initial appeal from a decision of the State Tenure Commission was to the circuit court. MCL 600.631; MSA 27A.631; MCL 24.303; MSA 3.560(203). At that time, all final decisions of the circuit court
 
 *704
 
 were appealable by right to this Court pursuant to MCR 7.203(A)(1).
 
 [1]
 

 The circuit court was eliminated from the appellate process by the 1993 amendments of the tenure act, specifically MCL 38.104(7); MSA 15.2004(7), which provides:
 

 A party aggrieved by a final decision and order of the tenure commission may appeal the decision and order to the court of appeals in accordance with the Michigan court rules within 20 days after the date of the decision and order.
 

 The plain language of this subsection states that the court rules are controlling. The applicable court rule, MCR 7.203, provides in relevant part:
 

 (A) Appeal of Right. The court has jurisdiction of an appeal of right filed by an aggrieved party from the following:
 

 (2) A judgment or order of a court or tribunal from which appeal of right to the Court of Appeals has been established by law or court rule;
 

 (B) Appeal by Leave. The court may grant leave to appeal from:
 

 
 *705
 
 (3) a final order of an administrative agency or tribunal which by law is appealable to or reviewable by the Court of Appeals or the Supreme Court....
 

 Thus, unless an appeal of right has been categorically established by law or court rule, appeal is by leave. In this case, the Legislature did not expressly state that a party aggrieved by a decision and order of the State Tenure Commission may appeal by right to the Court of Appeals; therefore, the applicable court rule is MCR 7.203(B)(3), and appeal may be had only by leave.
 

 Appellants contend that appeals from State Tenure Commission decisions are governed by MCR 7.203(A)(2), arguing that if the Legislature had intended appeals to be by leave it would have so provided. This approach is contrary to MCR 7.203(A)(2), which requires that an appeal of right to this Court be “established by law or court rule,” and conflicts with this Court’s statutory basis of jurisdiction, set forth at MCL 600.308; MSA 27A.308, which specifically lists the judgments appealable by right and states that “any other judgment... as determined by court rule” is appealable by leave. Appeals from agency decisions are not listed in the statute among those judgments appealable as of right. Had the Legislature intended to provide appeals of right from State Tenure Commission decisions, it easily could have expressed such an intent in the amendments. Provisions not included by the Legislature should not be included by the courts.
 
 In re Wayne Co Prosecutor,
 
 232 Mich App 482, 486; 591 NW2d 359 (1998);
 
 In re Schnell,
 
 214 Mich App 304, 310; 543 NW2d 11 (1995). Thus, we find appellants’ argument that the Legislature intended to pre
 
 *706
 
 serve appeals of right from commission decisions unpersuasive.
 

 Appellants’ and amicus curiae Michigan Federation of Teachers’ arguments premised on the spirit of the tenure act or its remedial nature are unavailing in light of the Legislature’s presumed awareness of the court rules and the requirement that an appeal of right be expressly provided for.
 
 Gordon Sel-Way, Inc v Spence Bros, Inc,
 
 438 Mich 488, 505; 475 NW2d 704 (1991). Moreover, to the extent their arguments are based on policy considerations balancing the need for extensive review of tenure cases versus the goal of administrative efficiency, we note that “[t]his Court will not interpose a policy-driven inteipretation on the plain language of a statute in which the Legislature has chosen among competing policy concerns.”
 
 Verbison v Auto Club Ins Ass’n,
 
 201 Mich App 635, 640; 506 NW2d 920 (1993). As we have noted, had the Legislature concluded that an appeal of right was essential to the purposes of the act, it would have provided for one.
 

 Appellants also contend that an appeal of right from decisions of the State Tenure Commission has been established in published opinions of this Court, specifically
 
 Parker v Byron Center Public Schools Bd of Ed,
 
 229 Mich App 565; 582 NW2d 589 (1998), and
 
 Satterfield v Grand Rapids Public Schools Bd of Ed,
 
 219 Mich App 435; 556 NW2d 888 (1996).
 
 [2]
 
 In both those cases, this Court began its opinion with the
 
 *707
 
 introductory statement, “[Appellant] appeals as of right from a [decision of the State Tenure Commission].” None of the cases cited by appellants specifically addressed the issue now before the Court. The “as of right” language was merely a misstatement of the procedural posture of the case that has no binding effect on subsequent decisions because the question presently at issue was not briefed, argued, or decided in those cases. For this reason, the statements were obiter dicta that are not binding precedent pursuant to MCR 7.215(H)(1).
 
 Horace v City of Pontiac,
 
 456 Mich 744, 754-755; 575 NW2d 762 (1998).
 

 Finally, appellants argue that an appeal of right is constitutionally mandated by Const 1963, art 6, § 28, which provides in relevant part that “All final decisions ... of any administrative . . . agency . . . which are . . . quasi-judicial and affect private rights . . . shall be subject to direct review by the courts as provided by law.” However, this constitutional provision requiring “direct review by the courts” has been consistently interpreted by the courts as encompassing appeals by leave.
 
 Evans v United States Rubber Co,
 
 379 Mich 457, 461; 152 NW2d 641 (1967);
 
 Viculin v Dep’t of Civil Service,
 
 386 Mich 375, 392; 192 NW2d 449 (1971). Consequently, we find this argument meritless.
 

 Appellants’ claims of appeal are dismissed without prejudice to the filing of applications for leave to appeal in each of these cases.
 

 [1]
 

 In 1994, MCR 7.203(A) was amended to provide that circuit court judgments issued on appeal from any other court or tribunal were excepted from the class of circuit court decisions appealable by right. See MCR 7.203(A)(1)(a). Thus, if the Legislature had not changed the tenure act in 1993, appellants’ appeals would still be by leave as of 1994.
 

 [2]
 

 Appellants cite an unpublished case,
 
 Ardis v Dearborn Heights School Dist No 7 Bd of Ed,
 
 issued August 2, 1996 (Docket No. 183953), for the same proposition. However, the case has no precedential value pursuant to MCR 7.215(C)(1) and is merely cumulative of the published cases on which appellants rely.