NICITA v CITY OF DETROIT

Docket No. 131361. Submitted June 11, 1992, at Detroit. Decided July
    6, 1992, at 10:10 A.M.

    James J. Nicita brought an action in the Wayne Circuit Court
    against the City of Detroit, seeking under the Freedom of
    Information Act, MCL 15.231 *et seq.*; MSA 4.1801 *et seq.,*
    records related to a city-owned building for which the plaintiff
    submitted, and the city rejected, an unsolicited offer to under-
    take renovation before eventual sale. The court, John R. Kir-
    wan, J., after reviewing the requested documents and affidavits
    submitted by the city in support of several claims of statutory
    exemptions from disclosure, rejected the city's exemptions and
    granted summary disposition for the plaintiff. The city ap-
    pealed.

        The Court of Appeals *held:*

        1. A trial court, in analyzing a claim of exemption under the
    Freedom of Information Act, must receive a complete particu-
    larized justification for denial of disclosure, conduct a review de
    novo in camera to determine whether particularized justifica-
    tion exists, or allow counsel for the party seeking disclosure to
    have access to the contested documents under special agree-
    ment. In this case, the trial court reviewed the documents and
    claimed exemptions in camera and made particularized findings
    in rejecting the claim that the documents should be exempt
    from disclosure under MCL 15.243(1)(j); MSA 4.1801(13)(1)(j) as
    records relating to a bid or proposal to enter into a contract
    with a public body. However, the court failed to state particu-
    larized findings in rejecting the other claimed exemptions and
    the claim that the plaintiff's request was made moot by his
    receipt of the contested documents from other sources. The case
    must be remanded for further factual findings with regard to
    those claims.

        2. The trial court correctly determined that the city could not
    claim that the requested documents were exempt under MCL
    15.243(1)(j); MSA 4.1801(13)(1)(j). That subsection applies only to
    solicited bids and no bids were solicited for the renovation of
    the building. Even if bids had been solicited, the city could not
    claim the exemption because it would have applied only until

the time set for the receipt of bids, which had expired before the plaintiff requested the documents.

Affirmed but remanded for further proceedings.

James J. Nicita, in propria persona.

*Donald Pailen,* Corporation Counsel, *Harnetha Jarrett,* Supervising Assistant Corporation Counsel, and *Dennis A. Mazurek,* Assistant Corporation Counsel, for the defendant.

Before: FITZGERALD, P.J., and CAVANAGH and NEFF, JJ.

NEFF, J. Plaintiff brought this suit under the Michigan Freedom of Information Act, MCL 15.231 *et seq.*; MSA 4.1801(1) *et seq.,* seeking production of certain records from defendant's Community and Economic Development Department relating to the Metropolitan Building, a vacant structure owned by defendant. Defendant appeals as of right from an order of the circuit court granting summary disposition in favor of plaintiff and ordering that defendant disclose to plaintiff all requested documents not previously disclosed. We affirm in part and remand this case to the trial court for further proceedings consistent with this opinion.

I

In October 1987, plaintiff's group submitted an unsolicited proposal to renovate the Metropolitan Building. The proposal was not selected, and plaintiff thereafter sought all documents relating to the Metropolitan Building since January 1, 1986, including, inter alia, the official evaluation of the proposal submitted by plaintiff's group, the proposal of the developer actually selected and desig-

nated by defendant, the official evaluation of the designated developer's proposal, the letter of designation of the developer, the official recommendation from the development department concerning which proposal should be accepted, and documents regarding the radium contamination problem within the building.

After plaintiff initiated this action, defendant granted plaintiff's request in part and denied it in part. Defendant claimed that the documents either had been disclosed or were exempt from disclosure pursuant to the FOIA. Plaintiff thereafter moved for summary disposition pursuant to MCR 2.116(C) (9) and (10), arguing that he is entitled to the documents requested, which he claimed were not exempt from disclosure.

Defendant also moved for summary disposition pursuant to MCR 2.116(C)(10), claiming that the requested records are exempt from disclosure under § 13(1)(j) of the FOIA, MCL 15.243(1)(j); MSA 4.1801(13)(1)(j). Defendant also claimed that other exemptions, including those contained in subsections 1(a), (h), and (n) of § 13 of the FOIA also applied. Section 13 of the FOIA provides in pertinent part:

> (1) A public body may exempt from disclosure as a public record under this act:
>
> (a) Information of a personal nature where the public disclosure of the information would constitute a clearly unwarranted invasion of an individual's privacy.
>
> *   *   *
>
> (h) Information or records subject to the attorney-client privilege.
>
> *   *   *
>
> (j) A bid or proposal by a person to enter into a contract or agreement, until the time for the

public opening of bids or proposals, or if a public opening is not to be conducted, until the time for the receipt of bids or proposals has expired.

*  *  *

(n) Communications and notes within a public body or between public bodies of an advisory nature to the extent that they cover other than purely factual materials and are preliminary to a final agency determination of policy or action. This exemption shall not apply unless the public body shows that in the particular instance the public interest in encouraging frank communications between officials and employees of public bodies clearly outweighs the public interest in disclosure. This exemption does not constitute an exemption under state law for purposes of section 8(h) of Act No. 267 of the Public Acts of 1976, being section 15.268 of the Michigan Compiled Laws. As used in this subdivision, "determination of policy or action" includes a determination relating to collective bargaining, unless the public record is otherwise required to be made available under Act No. 336 of the Public Acts of 1947, as amended, being sections 423.201 to 423.216 of the Michigan Compiled Laws.

Defendant further claimed that it was relieved of its obligation to provide the records under the judicially created "mootness doctrine" because plaintiff had received copies of the requested documents from other public bodies.

At a hearing on the motions held on June 6, 1990, defendant provided the trial court with affidavits in support of its motion and with copies of the requested documents. The court stated that it would review all the documents submitted.

At a hearing held on June 20, 1990, the court rendered its decision from the bench that defendant must disclose the documents requested by plaintiff. The court found, without further com-

ment, that defendant's arguments with regard to the exemptions contained in subsections 1(a), (h), and (n) were without merit. The court further found that defendant's strongest argument was that the exemption contained in subsection 1(j) applied, but it found that exemption inapplicable.

The trial court thereafter entered an order, consistent with its findings from the bench, granting plaintiff's motion for summary disposition with regard to disclosure of the requested documents, but denying plaintiff's motion for an award of attorney fees, costs, and damages. It is from this order that defendant appeals as of right.

On the same date, the trial court entered an order denying defendant's motion for summary disposition. The court also entered an order granting defendant's motion to stay all proceedings pending appeal. The court ordered that all requested but undisclosed documents be kept "under seal" for purposes of appeal.

II

Defendant first claims that the trial court's decision does not comport with the standards and procedures set forth in *Evening News Ass'n v City of Troy,* 417 Mich 481; 339 NW2d 421 (1983). We disagree.

The FOIA, MCL 15.231 *et seq.*; MSA 4.1801(1) *et seq.*, declares the public policy of this state to be that all persons are entitled to complete information regarding the affairs of government so that they may fully participate in the democratic process. MCL 15.231(2); MSA 4.1801(1)(2); *Swickard v Wayne Co Medical Examiner,* 438 Mich 536, 543; 475 NW2d 304 (1991). Under the FOIA, a public body must disclose all public records that are not specifically exempt under the act. MCL 15.233(1);

MSA 4.1801(3)(1); *Hagen v Dep't of Education,* 431 Mich 118, 123; 427 NW2d 879 (1988). The thrust of the FOIA is a policy of full and complete disclosure. *Id.*

In *Post-Newsweek Stations, Michigan, Inc v Detroit,* 179 Mich App 331, 335-336; 445 NW2d 529 (1989), a panel of this Court succinctly summarized the standards enunciated in the *Evening News Ass'n* case:

> In *Evening New [sic] Ass'n, supra,* the Supreme Court held that in an FOIA action the burden of proving the propriety of nondisclosure is on the public body asserting that the requested material falls within the FOIA exemptions. In order to meet this burden, the public body should provide a complete particularized justification for the claimed exemptions. The *Evening News* Court also held that a trial court may not make conclusory or "generic determinations" when deciding whether the claimed exemptions are justified. Instead, before determining that the defendant sustained its claim of exemption, the court must specifically find that the particular sections of the public record requested by the plaintiff would for particular reasons fall within the claimed exemptions. See 417 Mich 505. In order to meet the particularization requirements, the following rules should be used in analyzing a claim of exemption from disclosure under the FOIA:
>
> 1. The burden of proof is on the party claiming exemption from disclosure. MCL 15.240(1); MSA 4.1801(10)(1).
>
> 2. Exemptions must be interpreted narrowly. *Vaughn v Rosen,* 157 US App DC 340, 343; 484 F2d 820 (1973).
>
> 3. "[T]he public body shall separate the exempt and nonexempt material and make the nonexempt material available for examination and copying." MCL 15.244(1); MSA 4.1801(14)(1); *Vaughn v Rosen,* 157 US App DC 345.

4. "[D]etailed affidavits describing the matters withheld" must be supplied by the agency. *Ray v Turner,* 190 US App DC 290, 317; 587 F2d 1187 (1978).

5. Justification of exemption must be more than "conclusory", i.e., simple repetition of statutory language. A bill of particulars is in order. Justification must indicate factually how a particular document, or category of documents, interferes with law enforcement proceedings. *Campbell v Dep't of Health & Human Services,* 221 US App DC 1, 4-6, 10-11; 682 F2d 256 (1982); *Vaughn v Rosen,* 157 US App DC 347.

6. The mere showing of a direct relationship between records sought and an investigation is inadequate. *Campbell v Dep't of Health & Human Services,* 221 US App DC 8-9 [682 F2d 256 (1982)]. [417 Mich 503.]

In determining whether a particularized justification for exemption exists, the trial court should employ a three-step procedure:

1. The court should receive a complete particularized justification as set forth in the six rules above . . . ; or

2. the court should conduct a hearing *in camera* based on *de novo* review to determine whether complete particularized justification pursuant to the six rules exists, *Vaughn v Rosen, supra,* pp 346-348; *Ray v Turner, supra,* p 311; or

3. the court can consider "allowing plaintiff's counsel to have access to the contested documents *in camera* under special agreement 'whenever possible.' " *Ray v Turner, supra,* p 308, fn 24, and p 315. [*Evening News Ass'n, supra,* p 516.]

The Court in *Evening News Ass'n, supra,* p 516, further explained the three-step procedure:

The objective, of course, is to secure disclosure of

all pertinent information that is not exempt. If the government and the court are mutually aware of the six rules and the government is prepared to act accordingly, the matter should normally be resolved under the first step. Where the government for whatever reason is reluctant or antagonistic, or the court is in doubt, the trial court may have to proceed to the second step. If the matter is relatively clear and not too complex, the court, or the court with a master, may, within acceptable expenditure of judicial energy, be able to resolve the matter *in camera*. However, if the matter is not that clear or simple, the court may have to consider employment of plaintiff's counsel under special agreement in order to resolve the matter.

Thus, according to the language of the Court in *Evening News Ass'n,* the trial court normally should resolve the issue under step one, but may proceed to steps two and three where necessary.

Defendant claims that it complied with the third rule enunciated in *Evening News Ass'n* because it separated the exempt and nonexempt materials and made the nonexempt material available to plaintiff, and because, on June 6, 1990, it tendered the exempt documents for an in camera inspection. Defendant also claims that it complied with the rule that requires detailed affidavits describing the matters withheld be supplied by the agency when it filed with the trial court an affidavit of Rudeine Clark regarding the documents claimed to fall under the exemption contained in subsection 1(j) of § 13 of the FOIA and when it filed with the court an affidavit of Alfreda V. Montgomery regarding the documents claimed to be exempt under subsections 1(a), (h), and (n) of § 13 of the FOIA.

Defendant claims that the trial court did not comply with the rules because it failed to conduct an in camera review and failed to make particularized findings of fact regarding the contested

documents. We disagree. First, under *Evening News Ass'n,* the court is not required to proceed to an in camera review and normally should resolve the dispute under step one. Second, it is clear from the court's comments at the June 6, 1990, hearing that the court was going to conduct an in camera review of the contested documents, even though it was not required to do so. Third, the court's findings on the record at the June 20, 1990, hearing constitute particularized findings of fact, at least with regard to defendant's claimed exemption under subsection 1(j) of § 13 of the FOIA.

### III

Defendant next claims that the trial court's interpretation of subsection 1(j) of § 13 of the FOIA is in contravention of the evidence presented to the court. We disagree.

Defendant claims that that subsection should be interpreted to exempt the contested documents until after the signing of a purchase agreement for the Metropolitan Building. It claims that if the documents are released before the execution of the purchase agreement, the "potential sale and development of this and other government-owned property throughout the state will be chilled."

Plaintiff argues that the Legislature's intent is that subsection 1(j) of § 13 of the FOIA applies to a competitive bidding process so that one party may not obtain the bid or proposal of a second party in order to devise ways of gaining a competitive advantage over the second party before the bidding process is over. Plaintiff claims that, because the proposal of the currently designated developer was not submitted under a competitive bidding situation, defendant does not have a viable defense under this exemption.

The trial court found that the language of subsection 1(j) of § 13 of the FOIA was inapplicable because it construed the language of that subsection to apply only to solicited bids. The court further found that, even giving defendant the benefit of the doubt that the subsection applies to this case, the time for the receipt of bids expired when defendant chose a designated developer.

We find that the trial court's construction of the statutory language is correct and is consistent with the rule in *Evening News Ass'n, supra,* p 503, that exemptions be narrowly interpreted. Accordingly, defendant did not meet its burden of proving that the documents requested are exempt under subsection 1(j) of § 13 of the FOIA. Had the Legislature intended that documents remain exempt from disclosure until the signing of a purchase agreement, it could have specifically so provided.

Defendant also claims that summary disposition was improperly granted because plaintiff chose not to file a counter-affidavit to that of Rudeine Clark. However, the burden of proof is on the party claiming the exemption.

IV

Defendant claims that certain contested documents are exempt from disclosure under subsections 1(a), (h), and (n) of § 13 of the FOIA and under the judicially created "mootness doctrine." It claims that it provided particularized justification for the statutory exemptions through the affidavit of Alfreda V. Montgomery. It also claims that, because plaintiff has already obtained copies of the challenged documents as a result of FOIA requests to other public bodies, his claims are moot.

Plaintiff claims that the contested documents are not exempt from disclosure pursuant to the

statutory exemptions and that his claims are not moot, because he has received from other public bodies only a tiny fraction of the documents he requested from defendant.

As noted above, the trial court gave no reasons for its finding that there was no merit to defendant's claims of exemption from disclosure contained in subsections 1(a), (h), and (n) of § 13 of the FOIA. The court also made no finding at all with regard to defendant's assertion that plaintiff's claims were moot. Accordingly, we remand this case to the trial court for further factual findings with regard to these claimed exemptions.

The trial court's decision with regard to its interpretation and application of subsection 1(j) of § 13 of the FOIA is affirmed, but we remand the case to the trial court for further factual findings regarding defendant's other claimed exemptions from disclosure. We do not retain jurisdiction.