YARBROUGH v DEPARTMENT OF CORRECTIONS

Docket No. 136467. Submitted December 10, 1992, at Lansing. Decided April 5, 1993, at 10:25 A.M.

Johnny Yarbrough, a supervisor for the Department of Corrections, brought an action in the Ingham Circuit Court against the department, seeking under the Freedom of Information Act, MCL 15.231 *et seq.*; MSA 4.1801(1) *et seq.*, documents related to an investigation conducted by the department concerning a sexual harassment claim filed with its equal employment opportunity office by a corrections officer under Yarbrough's supervision. The department subsequently completed its investigation, released some of the documents, and withheld others, claiming that the documents it withheld were exempt from disclosure as investigation records compiled for law enforcement purposes. MCL 15.243(1)(b)(i); MSA 4.1801(13)(1)(b)(i). The court, Michael G. Harrison, J., determined that while the investigation was ongoing, the department could properly claim the law enforcement exemption. The court also ordered the disclosure of the remaining documents, denied Yarbrough's request for punitive damages, and awarded only a portion of his attorney fees and costs. Yarbrough appealed.

The Court of Appeals *held:*

1. The trial court correctly concluded that the documents compiled by the department during its investigation were exempt from disclosure while the investigation was ongoing. The law enforcement exemption under § 13(1)(b) of the FOIA properly applied to the documents at issue in this case because they were compiled during an investigation that was undertaken for the purpose of enforcing the laws of the State of Michigan,

REFERENCES

Am Jur 2d, Records and Recording Laws §§ 46.4, 46.7, 46.15, 46.17.

What materials are exempt from disclosure under privacy act's exemption of "investigatory material" contained in 5 USCS § 552a(k)(5). 55 ALR Fed 903.

What constitutes "unwarranted invasion 'of personal privacy" for purposes of law enforcement investigatory records exemption of Freedom of Information Act (5 USCS § 552(b)(7)(C). 52 ALR Fed 181.

including its criminal laws and laws that proscribe sexual harassment in the workplace.

2. The trial court properly rejected the claim for punitive damages under the FOIA in light of its correct finding that the department's denial of Yarbrough's request for documents had not been arbitrary or capricious.

3. The trial court abused its discretion in partially denying Yarbrough's request for attorney fees. Section 10(4) of the FOIA, MCL 15.240(4); MSA 4.1801(10)(4), requires a trial court to award reasonable attorney fees to a prevailing party. A plaintiff prevails where, as in this case, the action was reasonably necessary to compel disclosure and the action had a substantial causative effect on the delivery of the documents. Remand is necessary for redetermination of a reasonable award of attorney fees.

Affirmed in part, reversed in part, and remanded.

1. RECORDS — FREEDOM OF INFORMATION ACT — LAW ENFORCEMENT EXEMPTION.

Records compiled by an agency in the course of an internal investigation into a sexual harassment claim by one of its employees against a supervisor may be exempt during the investigation from disclosure under the Freedom of Information Act pursuant to the provision that exempts from disclosure investigating records compiled for law enforcement purposes (MCL 15.243[1][b][i]; MSA 4.1801[13][1][b][i]).

2. RECORDS — FREEDOM OF INFORMATION ACT — ATTORNEY FEES.

The Freedom of Information Act requires that reasonable attorney fees be awarded to a prevailing party in an action brought under the act; a plaintiff prevails where the action was reasonably necessary to compel disclosure and had a substantial causative effect on the delivery of the documents requested (MCL 15.240[4]; MSA 4.1801[10][4]).

*Wilson, Lawler & Lett* (by *R. David Wilson*), for the plaintiff.

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, and *Susan B. Moody,* Assistant Attorney General, for the defendant.

Before: MICHAEL J. KELLY, P.J., and FITZGERALD and TAYLOR, JJ.

MICHAEL J. KELLY, P.J. This is an action brought under the Freedom of Information Act (FOIA). MCL 15.231 *et seq.*; MSA 4.1801(1) *et seq.* Plaintiff, a lieutenant and a supervisory employee at defendant's Grass Lake facility, appeals as of right from the December 14, 1990, circuit court order denying his request for punitive damages. We affirm in part and reverse in part.

In 1988, one of plaintiff's subordinates, corrections officer Wilma Spaw filed a complaint with the equal employment opportunity office, alleging that plaintiff had sexually harassed and assaulted her. Defendant commenced an internal investigation. On May 22, 1989, plaintiff filed a written FOIA request with defendant, seeking the release of all documents relating to the investigation. On May 23, 1989, defendant denied plaintiff's request, indicating that the information sought was exempt from disclosure because it involved documents compiled as part of a criminal investigation.

On July 13, 1989, plaintiff filed the instant action seeking disclosure of the documents, attorney fees, and punitive damages. On August 17, 1989, after defendant's internal investigation was completed, it released to plaintiff many of the documents he had requested. However, defendant refused to release internal memoranda between the offices of the deputy director of the bureau of correctional facilities, the assistant deputy director of the bureau of correctional facilities, and the warden of the Grass Lake facility concerning the adequacy of the warden's response to Wilma Spaw's complaint. It was defendant's contention that these internal memoranda were exempt from disclosure because they involved protected statements about the manner in which the investigation was conducted and the adequacy of the investigation.

Subsequently, defendant moved for summary disposition pursuant to MCR 2.116(C)(10), alleging lack of a genuine issue of material fact because defendant had released all the documents requested by plaintiff with the exception of those it claimed were exempt. Plaintiff also moved for summary disposition, alleging that defendant had improperly delayed his access to the investigation documents, and that the internal memoranda were not exempt from disclosure. The trial court ruled that defendant did not violate the FOIA when it refused to release documents relating to the investigation while the investigation was ongoing. Additionally, the court held that the internal memoranda regarding the warden's handling of the investigation were not exempt and ordered defendant to release those documents. The court further held that defendant had not acted arbitrarily and capriciously with regard to any of the documents, and, therefore, denied plaintiff's request for punitive damages.

Plaintiff first argues that the trial court erred in holding that the documents compiled by defendant during the sexual harassment investigation were exempt from disclosure while the investigation was ongoing. We disagree.

The FOIA declares the public policy of this state to be that all persons are entitled to complete information regarding the affairs of government so that they may fully participate in the democratic process. MCL 15.231(2); MSA 4.1801(1)(2); *Swickard v Wayne Co Medical Examiner,* 438 Mich 536, 543; 475 NW2d 304 (1991); *Nicita v Detroit,* 194 Mich App 657, 661; 487 NW2d 814 (1992). Under the FOIA, a public body must disclose all public records that are not specifically exempt under the act. MCL 15.233(1); MSA 4.1801(3)(1); *Hagen v Dep't of Education,* 431 Mich 118, 123; 427 NW2d 879

(1988). The burden of proof is on the party claiming exemption from disclosure, and the exemptions are to be narrowly construed. *Nicita, supra* at 662; *Hagen, supra* at 124.

Defendant based its refusal to disclose the investigation documents on § 13(1)(b)(i) of the FOIA, MCL 15.243(1)(b)(i); MSA 4.1801(13)(1)(b)(i), which states:

> (1) A public body may exempt from disclosure as a public record under this act:
>
>          \*   \*   \*
>
> (b) Investigating records compiled for law enforcement purposes, but only to the extent that disclosure as a public record would do any of the following:
>
> (i) Interfere with law enforcement proceedings.

Defendant argued below that to have released the investigatory materials to plaintiff, who was the subject of the investigation, while the investigation was ongoing would have impeded defendant's ability to conduct the investigation. In holding that the investigation records fell within the law enforcement exemption, the trial court stated:

> Plaintiff's argument requires the Court to interpret section 13(1)(b) as applying only to police investigations of criminal matters. While FOIA exemptions are to be narrowly interpreted, . . . this Court does not believe the exemption is as narrow as Plaintiff suggests. Review of the documents at issue, both disclosed and undisclosed, indicates that the documents were compiled pursuant to an investigation initiated by the filing of a sexual harassment complaint with EEO and for the purpose of enforcing the laws of the State of Michigan which prohibit sexual harassment in the workplace. As such the documents qualify as "investigating records compiled for law enforcement purposes."

We conclude that the trial court was correct. The law enforcement exemption contained in § 13(1)(b) is not limited in application to police investigations of criminal matters. See *Rural Housing Alliance v United States Dep't of Agriculture*, 498 F2d 73 (CA 6, 1974). In *Rural Housing Alliance*, the United States Court of Appeals applied the law enforcement exemption to documents compiled by an agency such as defendant that was not engaged in law enforcement. In this case, the documents sought were prepared during an ongoing investigation into illegal acts, which investigation could possibly result in civil or criminal action. We agree with the trial court that the investigation, initiated by the filing of a sexual harassment complaint with the equal employment opportunity office, was for the purpose of enforcing the laws of the State of Michigan, including its criminal laws and those laws that prohibit sexual harassment in the workplace. Having concluded that the investigation was for law enforcement purposes and that the documents were compiled for those purposes, we hold that the records were exempt from disclosure while the investigation was ongoing. *Rural Housing Alliance, supra* at 80. It should be noted that, at the conclusion of the investigation, defendant provided plaintiff with the requested documents.

Plaintiff's claim for punitive damages fails perforce. The trial court found that defendant's denial of plaintiff's FOIA request was neither arbitrary nor capricious. This Court reviews such findings of fact for clear error. *Tallman v Cheboygan Area Schools*, 183 Mich App 123, 126; 454 NW2d 171 (1990). Our review of the record reveals no error in this regard. Defendant's delay in disclosing the investigation documents was based on its desire to protect employee-witnesses from potential retribu-

tion from plaintiff. Further, defendant's refusal to disclose the internal memoranda was based on a reasoned belief that the memoranda were exempt under § 13(1)(b) of the FOIA. Accordingly, defendant did not act arbitrarily or capriciously when it delayed in part, and denied in part, the release of the requested information. Therefore, the trial court did not err in denying plaintiff's claim for punitive damages.

Lastly, plaintiff argues that the trial court erred in awarding him only a portion of his attorney fees and costs incurred in bringing the instant action. Specifically, plaintiff claims that he is entitled to recoup attorney fees incurred in the portion of this action that compelled defendant to release the investigation documents. We agree.

Where a party prevails in an action brought under the FOIA, the statute requires the trial court to award reasonable attorney fees. MCL 15.240(4); MSA 4.1801(10)(4); *Michigan Tax Management Services Co v City of Warren,* 437 Mich 506, 507; 473 NW2d 263 (1991). A plaintiff prevails when the action was reasonably necessary to compel the disclosure and the action had a substantial causative effect on the delivery of the information to the plaintiff. *Wilson v Eaton Rapids,* 196 Mich App 671, 673; 493 NW2d 433 (1992). The amount of attorney fees awarded to a prevailing party under the FOIA is within the discretion of the trial court. *Booth Newspapers, Inc v Kalamazoo School Dist,* 181 Mich App 752, 759; 450 NW2d 286 (1989).

A review of the record[1] reveals that this action was reasonably necessary to compel the disclosure of the documents compiled during the investiga-

---

[1] The investigation of the sexual harassment aspect of this case was complete on June 6, 1989, but the related documents were not released to plaintiff until August 17, 1989.

tion. Therefore, the trial court abused its discretion in denying plaintiff's request for attorney fees in this regard. We reverse the trial court's order as it pertains to attorney fees, and remand for a determination of reasonable attorney fees and costs allocable to this portion of the action.

Affirmed in part, reversed in part, and remanded for proceedings consistent with this opinion. Jurisdiction is not retained.