HERALD COMPANY, INC v KENT COUNTY
SHERIFF'S DEPARTMENT

Docket No. 243400. Submitted January 7, 2004, at Grand Rapids.
    Decided January 27, 2004. Approved for publication on March 2,
    2004, at 9:10 A.M.

    Herald Company, Inc., and Tribune Television Holdings, Inc.,
        brought an action in the Kent Circuit Court against the Kent
        County Sheriff's Department, seeking to compel disclosure pursu-
        ant to the Freedom of Information Act (FOIA), MCL 15.231 *et seq.*,
        of a personnel file and an internal affairs investigation report
        pertaining to a sheriff's deputy who was arrested for soliciting
        sexual acts from a decoy in a Grand Rapids police prostitution
        sting operation. The court, Dennis C. Kolenda, J., reviewed the
        records in camera and ordered the release of several documents.
        The defendant appealed, and the Court of Appeals, SAWYER, P.J.,
        and MARKEY and SMOLENSKI, JJ., in an order entered on October 4,
        2002 (Docket No. 243400), granted the defendant's motion for
        peremptory reversal and ordered the circuit court to redact all
        documents except for the incident report prepared by the under-
        cover officer who acted as a decoy prostitute, any factual state-
        ments in the documents reflecting the manner in which the Grand
        Rapids police handled the incident, and any factual statement why
        the Grand Rapids police officers involved did not detain the deputy
        in jail. The Supreme Court, in lieu of granting leave to appeal,
        vacated the Court of Appeals order and remanded the matter to
        the Court of Appeals for plenary consideration. The Supreme
        Court directed the Court of Appeals to apply a "clearly erroneous"
        standard of review. 468 Mich 911 (2003).

        The Court of Appeals *held*:

        1. The core purpose of the FOIA is to contribute significantly to
    the public's understanding of the operations or activities of the
    government. The FOIA provides for the public disclosure of the
    personnel records of a law enforcement agency when the public
    interest in disclosure outweighs the public interest in nondisclo-
    sure in the particular instance. MCL 15.243(1)(s)(ix).

        2. The circuit court correctly concluded that the issue of
    possible preferential treatment of the deputy by the police was of

sufficient public interest, and that the public interest in disclosure of the disputed records outweighed the public interest in nondisclosure. Also, the circuit court correctly determined that the requested records were not exempt as investigative records compiled for law enforcement purposes, MCL 15.243(1)(b), and that the internal affairs investigation report will not result in either a criminal prosecution or a civil lawsuit and thus may be disclosed.

3. Information in the documents concerning the deputy's home address, telephone number, Social Security number, height, weight, and date of birth should, on remand, be redacted from the documents before the documents are released to the plaintiffs because such items of information do not serve to advance the purposes of the FOIA.

4. The FOIA allows a public body to exempt from disclosure information of a personal nature where the public disclosure would constitute a clearly unwarranted invasion of an individual's privacy. MCL 15.243(1)(a). The records in this case contain information of a personal nature, but disclosure of the records would not constitute a clearly unwarranted invasion of privacy in light of the public interest in the question whether the deputy was given preferential treatment.

Affirmed and remanded for redaction of the records.

*Soble & Rowe, LLP* (by *Jonathan D. Rowe*) and *Warner Norcross & Judd LLP* (by *J. A. Cragwall, Jr.*) for the plaintiffs.

*Sherry L. Batzer*, Kent County Civil Counsel, for the defendant.

Before: MARKEY, P.J., and MURPHY and TALBOT, JJ.

PER CURIAM. This Freedom of Information Act (FOIA), MCL 15.231 *et seq.*, case comes to us on remand from the Michigan Supreme Court. We are required to determine whether the circuit court properly weighed the public interest concerns in the disclosure of records of a county sheriff department's internal affairs investiga-

tion into the alleged misconduct of one of its deputies. We affirm and remand the case to the circuit court with instructions.

## I. FACTS AND PROCEDURAL HISTORY

On May 2, 2002, a Kent County Sheriff's Deputy and a Michigan State Police Trooper[1] were among sixteen men arrested for soliciting sexual acts from two female Grand Rapids Police Department decoys participating in a prostitution sting operation. While the other fourteen men spent the night in jail and received citations the following morning, the deputy and the trooper did not. Rather, they were released after their arrest with instructions to contact their superiors. On May 3, 2002, the Kent County Sheriff's Department commenced an internal affairs investigation to determine whether the deputy's conduct merited discipline. The deputy signed a *Garrity*[2] declaration, acknowledging that he was ordered to submit to an interview as a condition of continued employment.

Plaintiff Herald Company, Inc., doing business as Grand Rapids Press, responded to an anonymous tip and its investigation confirmed that the deputy and the trooper had been arrested in the sting operation. On May 5, 2002, the newspaper published a news article about the arrests. Plaintiffs alleged that because it was not until the following day that the two men were charged with solicitation, plaintiffs suspected that the two men received preferential treatment and that their alleged misconduct would have been "whitewashed" or "covered up" were it not for the anonymous tip the

---

[1] The Michigan State Police and its trooper are not part of this appeal.

[2] *Garrity v New Jersey*, 385 US 493; 87 S Ct 616; 17 L Ed 2d 562 (1967).

newspaper received and the resulting news report.[3] Plaintiffs learned that the internal affairs investigations conducted by defendant agencies revealed that the two men had had previous contacts with known prostitutes under suspicious circumstances. Plaintiffs wanted to know whether defendant agencies knew of the prior misconduct of their respective employees and, if so, whether they promptly took the appropriate actions against the men. Accordingly, plaintiffs made FOIA requests for copies of relevant documents from the two men's personnel files and for the reports of the internal affairs investigations. Defendant agencies denied the requests, asserting that the records were exempt from disclosure pursuant to MCL 15.243(1)(a) (personal information constituting invasion of individual's privacy), MCL 15.243(1)(s)(ix) (personnel records of law enforcement agencies), and MCL 15.243(1)(b)(iii).[4]

Plaintiffs filed suit and the circuit court reviewed the requested documents in camera. The court ordered the release of several documents. Defendant Kent County Sheriff's Department appealed. A different panel of this Court granted defendant's motion for peremptory reversal. This Court directed the circuit court to redact all documents except for (1) the incident report prepared by the undercover officer who acted as a decoy prostitute, (2) any factual statement in the documents reflecting the manner in which the Grand Rapids Police Department handled the incident, and (3) any factual statement explaining why the Grand Rapids police officers involved in the sting operation decided not to detain the deputy in jail. *Herald Co, Inc v Kent Co*

---

[3] Documentary evidence presented by defendant indicates that the deputy was charged on the afternoon of May 3, 2002, the day after he was arrested and two days before the newspaper article was published.

[4] Only the first two exemptions are part of this appeal.

*Sheriff's Dep't,* unpublished order of the Court of Appeals, entered October 4, 2002 (Docket No. 243400). In lieu of granting leave to appeal, our Supreme Court vacated this Court's order and remanded the case for plenary consideration. 468 Mich 911 (2003). The Supreme Court directed this Court to apply a "clearly erroneous" standard of review pursuant to the decision in *Federated Publications, Inc v City of Lansing,* 467 Mich 98; 649 NW2d 383 (2002).

## II. STANDARD OF REVIEW

Our Supreme Court recently clarified the appropriate standards of review we must follow in reviewing the circuit court's FOIA determinations pursuant to MCL 15.243(1)(s), as follows:

> First, we hold that the application of exemptions requiring legal determinations are reviewed under a de novo standard, while application of exemptions requiring determinations of a discretionary nature, such as the one presented here, are reviewed under a clearly erroneous standard. Second, we hold that MCL 15.240(4) of the FOIA specifically places the burden of proof on the public body to show that the public record is exempt from disclosure. Third, in applying the public interest balancing test, the circuit court should consider the fact that records have been made exemptible under § 243(1)(s). Fourth, the "particular instance" language set forth in § 243(1)(s) requires the circuit court to analyze the FOIA request to determine whether further categorization of the requested records is required in order to determine whether the public interest in disclosure outweighs the public interest in nondisclosure. If further categorization is required to perform the balancing test, the circuit court should direct the public body to assist it in reasonably categorizing the sought-after records. [*Federated Publications, Inc, supra* at 101.]

The question whether documents were exempt from disclosure under MCL 15.243(1)(s)(ix) requires discretionary determinations. *Id.* at 106-107. Thus, the extent of our review of this question is to determine whether the circuit court clearly erred in determining that the public interest in disclosure outweighed the public interest in nondisclosure. *Id.* at 105-107. "A finding is 'clearly erroneous' if, after reviewing the entire evidence, the reviewing court is left with the definite and firm conviction that a mistake has been made." *Id.* at 107.

### III. ANALYSIS

We note that defendant's first argument on appeal is vague and difficult to decipher. It appears defendant argues that there was no basis for plaintiffs' FOIA request and no public interest for the disclosure of the documents. Thus, defendant asserts that the circuit court clearly erred when it conducted the public interest balancing test of MCL 15.243(1)(s)(ix).

The FOIA provides for the disclosure of the public records of a public body unless those records are exempted under the act. *Kent Co Deputy Sheriffs Ass'n v Kent Co Sheriff*, 463 Mich 353, 360; 616 NW2d 677 (2000). Such disclosure effects the state's policy of providing "full and complete information regarding the affairs of government and the official acts of those who represent the people as public officials and public employees." MCL 15.231(2). The FOIA provides for the public disclosure of the personnel records of a law enforcement agency when "the public interest in disclosure outweighs the public interest in nondisclosure in the particular instance." MCL 15.243(1)(s)(ix).

The requested documents consist of the deputy's personnel file and the internal affairs investigation

report, which the Michigan Supreme Court has deemed included in the exemption. *Kent Co Deputy Sheriffs Ass'n, supra* at 366-367. The burden of proof is with defendant "to demonstrate why it is entitled to protect a record from disclosure." *Federated Publications, Inc, supra* at 108.

Defendant specifically argues that plaintiffs created a public interest from "speculation, innuendo, and baseless allegation." Defendant first contends that the deputy was charged with solicitation for prosecution two days *before* plaintiff Grand Rapids Press published its May 5, 2002, news article and maintains that plaintiffs did not dispute the affidavits defendant submitted, which expressly explain the process for conducting internal affairs investigations and establish that immediate action was taken in this case. Second, defendant maintains that the public responses to the Grand Rapids Press news coverage indicated that the public considered the newspaper's news coverage as "disgraceful and unwarranted." Third, defendant asserts that plaintiffs improperly bolstered their public interest theory with a baseless argument that they had reason to believe that the deputy and the trooper knew that they were safe soliciting prostitution because they believed they were immune from arrest. Defendant maintains that the trial court should not have included the above allegations in its public interest balancing test.

Our review of the circuit court's written opinion indicates that the court did not address defendant's claim that plaintiffs' FOIA request was groundless. There is nothing in the opinion to show that the circuit court relied on the above in its public interest balancing test. Defendant fails to articulate how these matters would bar the disclosure of documents that serve the core purpose of the FOIA, which is to contribute signifi-

cantly to the public's understanding of the operations or activities of the government. Defendant does not contend that plaintiffs failed to properly adhere to the FOIA procedures in making their request for the documents. Further, defendant does not support its argument with any authority that provides that a circuit court must first make a determination about the merits of an FOIA request, as defendant appears to assert, before applying the procedures set forth in MCL 15.243(1)(s)(ix). Thus, defendant fails to meet its burden of proof.

Defendant next argues that the circuit court failed to weigh the potential harm that may result from disclosing the internal affairs investigative report.[5] We disagree. Such analysis "is clearly not applicable to those investigations in which it was determined that the employee had engaged in wrongdoing." *Federated Publications, Inc, supra* at 111 n 8 (quotation omitted). Defendant does not assert that the internal affairs investigation in this case had concluded that the allegations of misconduct were unfounded. Therefore, we find no error.

In this case, the circuit court weighed the public interest considerations and determined that the internal affairs investigative reports should be disclosed on

---

[5] Again, we are unable to understand exactly what defendant argues on appeal. It appears that defendant argues that the potential harm from the disclosure is similar to that found in *Kent Co Deputy Sheriffs' Ass'n v Kent Co Sheriff,* 238 Mich App 310; 605 NW2d 363 (1999), aff'd 463 Mich 353; 616 NW2d 677 (2000). In that case, the requested documents were barred from disclosure on the ground that (1) internal affairs investigations are inherently difficult because of the reluctance of employees to give statements, (2) employees will not be candid in the investigations if they know that their statements will be made public, (3) disclosure could be detrimental to some employees and, (4) disclosure will destroy the public body's ability to effectively conduct internal affairs investigations. *Id.* at 331-332.

several grounds. First, the court determined that the requested records were not exempt as "investigative records compiled for law enforcement purposes" pursuant to MCL 15.243(1)(b) because the records were not compiled for "law enforcement purposes." Rather, the court found that the reports were compiled for employment purposes. The court determined that although the conduct being investigated was also a violation of law, it "does not transmogrify the investigation into one for law enforcement purposes." Second, the court determined that the report at issue will not result in either a criminal prosecution or a civil lawsuit and, therefore, may be disclosed. See *Yarbrough v Dep't of Corrections*, 199 Mich App 180, 185; 501 NW2d 207 (1993). Third, the court found that the disclosure of the records would not interfere with an ongoing investigation. *Id.*

We conclude that the circuit court was correct. In this case, the court placed the documents it had ordered to be disclosed in a sealed envelope for appellate review. We have reviewed the documents. It is apparent that the documents relate directly to the specific areas of concern that the court identified as containing significant enough public interest to support disclosure, as follows:

> Portions of the [internal affairs investigation] records at issue contain information directly bearing on the issue of preferential treatment. This Court is not saying that those records establish preferential treatment [and is not] saying that those records disprove preferential treatment. It is simply saying that in the [internal affairs investigation] records . . . there is some information from which the public could draw conclusions one way or the other about preferential treatment of police officers by other police officers. And, one page of [the] traditional personnel file speaks to the issue of how the State Police deal with off-duty misconduct, thereby implicating the issue of a double standard, i.e., equality before the law. There are,

therefore, a pair of public interests, one general and one very specific, in the disclosure of those records.

From the above and from our review of the record, we do not find any clear error in the circuit court's decision to release these documents.

Defendant next argues the circuit court erroneously disclosed information concerning the deputy's psychological counseling and treatment, his home address, telephone number, driver's license number, Social Security number, the home phone numbers of police officers and addresses of private citizens. We agree with defendant's argument that the deputy's home address, phone number, and other such personal information should be redacted from the documents that are subject to the August 26, 2002, order because such information does not serve to advance the purposes of the act. On remand to the circuit court: (1) the deputy's home address should be redacted from the citation, (2) the deputy's home address and home phone number should be redacted from the first page of the internal affairs investigative report, and (3) the document generated by the Kent County Sheriff's Department, titled "Jacket Activity," should also be redacted to eliminate the deputy's personal information related to his home address, Social Security number, height, weight, and date of birth. With respect to the other claims raised by defendant, we find no error in the circuit court's determination to include references that the deputy admitted he needed psychological treatment and, contrary to defendant's claim, we find nothing in the redacted documents related to the names and addresses of private citizens.

Defendant next argues that the disclosure of the documents would invade the deputy's privacy. The FOIA allows a public body to exempt from disclosure "[i]nfor-

mation of a personal nature where the public disclosure of the information would constitute a clearly unwarranted invasion of an individual's privacy." MCL 15.243(1)(a). The analysis for this exemption consists of a two-part test. First, the information must be " 'of a personal nature,' " and second, the disclosure of the information must constitute a " 'clearly unwarranted invasion of privacy.' " *Mager v Dep't of State Police,* 460 Mich 134, 141; 595 NW2d 142 (1999), quoting *Bradley v Saranac Community Schools Bd of Ed,* 455 Mich 285, 294; 565 NW2d 650 (1997). "[I]nformation is of a personal nature if it reveals intimate or embarrassing details of an individual's private life." *Bradley, supra* at 294. Further, this standard should be evaluated in terms of "the customs, mores, or ordinary views of the community." *Id.* (quotation omitted). In this case, it is undisputed that the requested documents contain information of a personal nature. Therefore, the question is whether disclosure would constitute a "clearly unwarranted invasion of privacy."

As previously discussed in this opinion, we find that the circuit court's identification of the public interest is correct. The released documents shed light on the official acts and workings of the government. The court correctly ruled that the documents contained some information from which the public could make a determination with respect to whether the deputy was given preferential treatment and whether the sheriff's department should have inquired about the deputy's alleged prior misconduct. See *Detroit Free Press, Inc v Dep't of Consumer & Industry Services,* 246 Mich App 311, 320-321; 631 NW2d 769 (2001). Accordingly, the court correctly determined the matter.

We affirm and remand the case to the circuit court. On remand, the circuit court is directed to redact, as

previously discussed in this opinion, the deputy's personal information from three documents, after which the entire documents that are subject to the August 26, 2002, order are to be released to plaintiffs. We do not retain jurisdiction.