# STATE OF MICHIGAN

# COURT OF APPEALS

BRANDI CRAMER f/k/a BRANDI
BITTERMAN,

FOR PUBLICATION
June 23, 2016
9:00 a.m.

    Plaintiff-Appellee/Cross Appellant,

v

No. 330736
Shiawassee Circuit Court

VILLAGE OF OAKLEY,

LC No. 15-007371-CZ

    Defendant-Appellant/Cross
    Appellee.

Before: MARKEY, P.J., and OWENS and BOONSTRA, JJ.

BOONSTRA, J.

In this action under the Freedom of Information Act (FOIA), MCL 15.231 *et seq.*, defendant appeals by right the order of the trial court granting plaintiff's motion for summary disposition under MCR 2.116(C)(10) (no genuine issue of material fact) on all six counts of plaintiff's complaint. Defendant also challenges the trial court's order awarding plaintiff attorney fees, costs, and disbursements. Plaintiff cross-appeals, requesting an award of appellate attorney fees, costs, and disbursements. We reverse the grant of summary disposition in favor of plaintiff, remand for the issuance of an order granting summary disposition in favor of defendant, and vacate the award of attorney fees, costs, and disbursements. We decline to award plaintiff appellate attorney fees, costs, and disbursements.

## I. PERTINENT FACTS AND PROCEDURAL HISTORY

On May 15, 2015, plaintiff sent defendant six separate FOIA requests, each seeking information pertaining to defendant's reserve police department unit. On May 20, 2015, defendant sent plaintiff six letters stating that the FOIA requests were "granted" and that it would "conduct a search of the Village records and provide you a copy of any documentation we are able to locate." All of the responses were signed, "Cheryl Bolf Village FOIA Coordinator." That same day, plaintiff's counsel sent an email to Bolf acknowledging receipt of the letters, but stating that simply providing a written statement "granting the requests" was not sufficient to comply with the FOIA; defendant also needed to produce the requested documents. The email further stated that the documents should be provided by May 22, 2015, and if they were not, further legal action would follow. On May 28, 2015, just three business days after the May 22, 2015 deadline, plaintiff filed suit, alleging that because defendant had granted her FOIA

-1-

requests, actual production of the documents was due on May 22, 2015, and that defendant's failure to provide those documents by that date was a wrongful denial of her requests. The complaint was in six counts, separately alleging a wrongful denial of each of plaintiff's six FOIA requests. Plaintiff requested an order directing defendant to immediately produce the requested documents, an order awarding reasonable attorney fees, costs, and disbursements, and an award of $3,000 in punitive damages.

Plaintiff moved for summary disposition on October 13, 2015, notwithstanding her admission in that motion that in early June 2015 she had been informed by defendant that certain requested documents did not exist and she had received from defendant those of the requested documents that did exist. In responding to the motion, defendant submitted an affidavit, signed by Bolf, stating that "after researching and assembling the documents requested, she transmitted the documents to the party making the request on June 2, 2015."[1] The trial court concluded that defendant's May 20, 2015 responses did not comply with MCL 15.235(2) because the requested documents were not themselves produced within the statutory time frame for a response, suggested that the responses therefore effectively constituted denials of the requests, and granted plaintiff's motion for summary disposition. The court also concluded that plaintiff was entitled to an award of attorney fees, costs, and disbursements. Plaintiff was awarded $6,048.50. This appeal and cross-appeal followed.

## II. STANDARD OF REVIEW

We "review[] the grant or denial of summary disposition de novo to determine if the moving party is entitled to judgment as a matter of law." *Maiden v Rozwood*, 461 Mich 109, 118; 597 NW2d 817 (1999). An award of attorney fees under the FOIA is reviewed for an abuse of discretion. *Prins v Mich State Police*, 299 Mich App 634, 641; 831 NW2d 867 (2013). "A trial court abuses its discretion when its decision falls outside the range of principled outcomes." *King v Mich State Police Dep't*, 303 Mich App 162, 175; 841 NW2d 914 (2013). A trial court's factual findings are reviewed for clear error, meaning that this Court defers to the trial court unless it is left with a definite and firm conviction that a mistake has been made. *King*, 303 Mich App at 174-175. We review questions of statutory interpretation de novo. *Bush v Shabahang*, 484 Mich 156, 164; 722 NW2d 272 (2009).

## III. SUMMARY DISPOSITION

Defendant argues that it did not violate the FOIA in sending letters granting plaintiff's requests and producing the requested documents a short time later, and that the trial court therefore erred in granting summary disposition to plaintiff. We agree.

MCL 15.235(2) states:

> (2) Unless otherwise agreed to in writing by the person making the request, a public body shall respond to a request for a public record within 5

---

[1] The trial court concluded that the documents were sent on June 3 or 4, 2015.

business days after the public body receives the request by doing 1 of the following:

> (a) Granting the request.

> (b) Issuing a written notice to the requesting person denying the request.

> (c) Granting the request in part and issuing a written notice to the requesting person denying the request in part.

> (d) Issuing a notice extending for not more than 10 business days the period during which the public body shall respond to the request. A public body shall not issue more than 1 notice of extension for a particular request.

A failure on the part of a public body to respond to a FOIA request in the manner provided in subsections (a) through (d) "constitutes a final determination to deny the request." *King*, 303 Mich App at 188-189, citing MCL 15.235(3).

We conclude that defendant complied with MCL 15.235(2), and that MCL 15.235(2) does not mandate that a FOIA recipient, upon granting a FOIA request, deliver the requested documents within the time period specified for responding to the FOIA request.

The trial court interpreted MCL 15.235(2), as does plaintiff, to mean that a public body can only "grant" a request by delivering the requested documents within the time period specified by the statute for a response. We disagree. The first step in interpreting a statute is to "focus on the language of the statute itself." *Peterson v Magna Corp*, 484 Mich 300, 307; 773 NW2d 564 (2009). "The words of a statute provide the most reliable evidence of the Legislature's intent, and as far as possible, effect should be given to every phrase, clause, and word in a statute." *Id*. A court construing a statute should "avoid a construction that would render any part of the statute surplusage or nugatory." *American Federation of State Co & Muni Employees v City of Detroit*, 468 Mich 388, 399; 662 NW2d 695 (2003). Accordingly, the various "parts of a statute must be harmonized to discern and carry out the intent of the Legislature." *Niles Twp v Berrien Co Bd of Comm'rs*, 261 Mich App 308, 315-316; 683 NW2d 148 (2004).

The term "grant" is not defined in the FOIA. This Court may use a dictionary to aid in interpretation of undefined terms. *Cain v Waste Mgt, Inc (After Remand)*, 472 Mich 236, 247; 697 NW2d 130 (2005). The word "grant" in the context of a request is defined by *Random House Webster's College Dictionary* (2000), p 572, as "to agree to: *to grant a request*." This definition is not synonymous with the completion of the duty agreed to by the one to whom the request is made. *Id*., see also, e.g., *id*. at p 530 (defining the word "fulfill" as "to carry out, or bring to a realization, as a prophecy or a promise.").

-3-

Further, although in amendments that took effect after plaintiff's FOIA requests were made,[2] the Legislature has, in a different subsection of the FOIA, indicated that the words "granted" and "fulfilled" with regard to a FOIA request are not synonymous. MCL 15.234(11) references in relevant part a public body having "*granted and fulfilled* a written request from an individual under this act . . . ." (Emphasis added.) The Legislature's use of two separate terms suggests that they have different meanings. *United States Fidelity Ins & Guaranty Co v Mich Catastrophic Claims Ass'n* (*On Rehearing*), 484 Mich 1, 14; 795 NW2d 101 (2009); see also *Macomb Co Prosecuting Attorney v Murphy*, 464 Mich 149, 159; 627 NW2d 247 (2001) (statutory provisions should be read in the context of the entire statute). Its use of the conjunctive phrase "granted and fulfilled" indicates that the Legislature was aware, at the time of the amendments to MCL 15.235, that a public body may grant a request without fulfilling it. To hold that "grant" is synonymous with "fulfill" in MCL 15.235(2)(a) would thus render the phrase "and fulfilled" in MCL 15.234(11) nugatory. *American Federation of State Co & Muni Employees*, 468 Mich at 399. In addition, MCL 15.234(8) now expressly provides that a public body's "response" under MCL 15.235 "shall also contain a best efforts estimate by the public body regarding the time frame it will take the public body to comply with the law in providing the public records to the requestor." This subsection provides further evidence that the Legislature intended that a grant of a request under MCL 15.235 is distinct from the fulfillment of that request.[3] Further, in light of the remainder of our analysis in this subsection, as well as the fact that the nature of the amendment to MCL 15.234 was to substantially revise the procedures relating to the charging of fees and deposits for FOIA requests, we do not construe the Legislature's amendment to MCL 15.234 to reflect a change in the meaning of the words "grant" or "response"; rather, the Legislature's language in the above subsections merely supports our conclusion that the Legislature did not intend the word "grant" in MCL 15.235 to be synonymous with "fulfill." See *Bush v Shabahang*, 484 Mich 156, 167, 169; 772 NW2d 272 (2009).

Federal courts have also drawn a distinction between the granting of a federal FOIA request and the fulfillment of that request. See *Nat'l Sec Archive v CIA*, 564 F Supp 2d 29, 34

---

[2] See 2014 PA 563, effective July 1, 2015.

[3] Although MCL 15.234 principally deals with the charging of fees and deposits in relation to FOIA requests, the quoted language of MCL 15.234(8) is not limited to a response that involves the charging of a fee. Rather, like certain other subsections of MCL 15.234, e.g., MCL 15.234(4) (providing, in part, that public bodies "shall establish procedures and guidelines to implement this act . . ."), MCL 15.234(8) applies more broadly, and provides that for either "the public body's initial response or subsequent response under section 5(2)(d)", the public body "shall" provide "in good faith" the referenced best efforts time estimate. The provision of this faith time estimate, although "nonbinding," *id.*, is mandatory. See *Walters v Nadell*, 481 Mich 377, 383; 751 NW2d 431 (2008) (noting that the term "shall" is mandatory rather than permissive). Although it appears in this case that defendant did not provide a time estimate, as it was not required at that time, that fact does not affect our analysis of the proper interpretation of MCL 15.235 and, in any event, defendant did produce the requested documents in short order.

(D D.C. 2008) (holding the plaintiff's case for federal FOIA violation moot where the defendant granted the requests and placed them in the "FOIA queue" for processing).[4]

Finally, we note that plaintiff and the trial court have suggested that unless the "grant" of a FOIA request is interpreted to require its immediate fulfillment, a public body could grant a request yet never actually fulfill it. However, our holding does not afford a public body *carte blanche* not to produce responsive documents. As we have stated in the past, courts will look past a public body's label of its response to a FOIA request. *King*, 303 Mich App at 190.[5] Thus, nothing precludes a plaintiff, if faced with an inordinate delay in the production of requested documents, from filing suit on the ground that a public body's actions in response to a FOIA request effectively constitute a denial in whole or part, notwithstanding that body's labelling of a response as a "grant" of the request. See MCL 15.240(1)(b). Indeed, the FOIA allows a trial court to award punitive damages for arbitrary and capricious "refusal or delay in disclosing" public records. MCL 15.240(7). And, as stated above, the public body is required to provide a good-faith time estimate, MCL 15.234(8), and a public body's failure to meet an estimate (although it is non-binding) may in some circumstances tend to show that a public body's response was effectively a denial notwithstanding its choice of labels.[6]

In sum, we conclude that the trial court erred in holding that defendant failed to comply with MCL 15.235(2), and in determining that defendant's responses to plaintiff's FOIA requests were effectively denials of those requests because the requested documents were not produced in the time periods provided for a response. We accordingly reverse the trial court's grant of summary disposition and remand for issuance of an order granting summary disposition in favor of defendant pursuant to MCR 2.116(I)(2).[7]

---

[4] While decisions of lower federal courts are not binding on this Court, they may be persuasive. See *Abela v General Motors Corp*, 469 Mich 603, 606; 677 NW2d 325 (2004).

[5] We note that in *King*, this Court held that a response from a public body purporting to grant a FOIA request regarding non-exempt material was effectively a partial grant of the request with respect to the non-exempt material and a denial of the request with respect to exempt material. See *King*, 303 Mich App at 189-190. See also *Arabo v Mich Gaming Control Bd*, 310 Mich App 370, 386; 872 NW2d 223 (2015). However, this Court did not hold that the failure of a public body to produce the non-exempt material within the statutory time frame for the response effectively constituted a denial of the request even as to the non-exempt material that the public body had agreed to produce.

[6] Under the circumstances of this case, we conclude that defendant's responses were not effectively denials of plaintiff's requests.

[7] We note that even if the trial court's analysis were not in error, it should have dismissed plaintiff's claims as rendered moot by defendant's subsequent production of the requested documents. See *Herald Co v Ann Arbor Pub Sch*, 224 Mich App 266, 270-271; 568 NW2d 411 (1997) ("When the [FOIA] disclosure that a suit seeks has already been made, the substance of the controversy disappears and becomes moot.").

## IV.  ATTORNEY FEES, COSTS, AND DISBURSEMENTS

The FOIA provides as follows regarding the granting of attorney fees, costs, and disbursements under the FOIA:

> If a person asserting the right to inspect, copy, or receive a copy of all or a portion of a public record prevails in an action commenced under this section, the court shall award reasonable attorneys' fees, costs, and disbursements.  If the person or public body prevails in part, the court may, in its discretion, award all or an appropriate portion of reasonable attorneys' fees, costs, and disbursements.  The award shall be assessed against the public body liable for damages under subsection (7).  [MCL 15.240(6).]

In light of our determination that defendant was entitled to summary disposition, plaintiff was not entitled to attorney fees, costs, and disbursements.  *Amberg v City of Dearborn*, 497 Mich 28, 34; 859 NW2d 674 (2014).  Although a party may be entitled to attorney fees when his or her action is rendered moot by subsequent disclosure, see *Thomas v City of New Baltimore*, 254 Mich App 196, 202-203; 657 NW2d 530 (2002), such entitlement is still based on proof of an underlying FOIA violation.  See *id.* at 205, quoting *Walloon Lake Water Sys, Inc v Melrose Twp*, 163 Mich App 726, 733-734; 415 NW2d 292 (1987) ("[W]e believe that a plaintiff "prevails" in the action so as to be entitled to a mandatory award of costs and fees where he is forced into litigation and is successful with respect to the central issue that the requested materials were subject to disclosure under the FOIA, even though the action has been rendered moot by acts of the public body in disposing of the documents.  An otherwise successful [FOIA] claimant should not assume the expenses of the litigation solely because it has been rendered moot by the unilateral actions of the public body.")

Additionally, "[t]o 'prevail' in a FOIA action within the meaning of MCL 15.240(6), a court must conclude that 'the action was reasonably necessary to compel the disclosure [of public records], and [that] the action had a substantial causative effect on the delivery of the information to the plaintiff.' " *Amberg*, 497 Mich at 34; 859 NW2d 674 (2014), quoting *Scharret v City of Berkley*, 249 Mich App 405, 414; 642 NW2d 685 (2002) (bracketed material added by *Amberg* Court).

In this case, there is no evidence in the record, apart from the mere fact that the requested documents were produced after suit was filed, to support the contention that the filing of this action was necessary or had a substantial causative effect on defendant's production of the requested documents.  *Amberg*, 497 Mich at 34.  To the contrary, Bolf's uncontested affidavit shows that defendant had the intent to fully grant the request and provide the requested documents once it had time to sort through its records—which it accomplished within 10 days of submitting its responses (and less than a week after the complaint was filed).  Thus, the record indicates that defendant intended in good faith to fulfill plaintiff's requests, produced the requested documents promptly, and took no actions that could be seen as an attempt to withhold any documents from disclosure.  See *Scharret*, 249 Mich App at 414.  Yet, plaintiff filed suit immediately after the time period provided in MCL 15.235(2) for a response had lapsed.  Nothing other than the mere fact that plaintiff's filing of suit occurred before the delivery of the documents supports plaintiff's argument that one was necessary to compel the other.  Under

these circumstances, we conclude that the trial court in this action abused its discretion in awarding plaintiff attorney fees, costs, and disbursements. *King*, 303 Mich App at 175.

Because we conclude that plaintiff did not violate the FOIA, and that plaintiff's suit in the lower court was not necessary to compel defendant's production of documents and did not have a substantial causative effect on that production, we also decline to award appellate attorney fees, costs, or disbursements in plaintiff's cross-appeal. See *Rataj v City of Romulus*, 306 Mich App 735, 756; 858 NW2d 116 (2014).

We reverse the grant of summary disposition in favor of plaintiff, remand for the issuance of an order granting summary disposition in favor of defendant, and vacate the award of attorney fees, costs and disbursements. We do not retain jurisdiction.

/s/ Mark T. Boonstra
/s/ Jane E. Markey
/s/ Donald S. Owens