*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

ERIC L VANDUSSEN,

Plaintiff-Appellant/Cross-Appellee,

UNPUBLISHED
January 13, 2026
10:48 AM

v

No. 374982
Court of Claims
LC No. 23-000077-MZ

ATTORNEY GENERAL,

Defendant-Appellee/Cross-Appellant.

Before: BOONSTRA, P.J., and O'BRIEN and YOUNG, JJ.

PER CURIAM.

Plaintiff appeals by right the order of the Court of Claims granting defendant's motion for summary disposition in this action under the Freedom of Information Act, MCL 15.231 *et seq*. (the FOIA). Plaintiff challenges portions of earlier orders that denied his request for attorney fees and punitive damages, denied his request to depose one of defendant's[1] employees, and declined to review documents *in camera*. Defendant cross-appeals the Court of Claims' order requiring defendant to provide plaintiff with copies of certain requested records without redactions. We affirm the Court of Claims in the main appeal, and reverse the court in the cross-appeal.

## I. PERTINENT FACTS AND PROCEDURAL HISTORY

Plaintiff, who describes himself as a freelance journalist, attended a trial that was prosecuted by assistant Attorneys General. After the prosecution rested, plaintiff submitted a FOIA request to defendant for the exhibits that had been used at the trial. Plaintiff subsequently made a second request for seventeen categories of documents that could generally be described as investigatory or administrative materials related to the trial. Over the course of several months and in several batches, including some after plaintiff commenced this lawsuit, defendant provided hundreds of pages of records in response to plaintiff's requests. Defendant redacted from the trial

---

[1] Because plaintiff sued the Attorney General in her official capacity, this is really an action against the Department of Attorney General. *Carlton v Dep't of Corrections*, 215 Mich App 490, 500-501; 546 NW2d 671 (1996).

exhibits individuals' dates of birth, Social Security numbers, personal telephone numbers, social media account numbers, and personal addresses; it relied on MCL 15.243(1)(a), under which a public body need not disclose information of a personal nature that would, if disclosed, constitute a clearly unwarranted invasion of privacy. Defendant redacted portions of the other requested materials under a variety of exemptions to disclosure, including the exemptions for investigative records, MCL 15.243(1)(b), privileged attorney work product, MCL 15.243(1)(h), internal advisory communications, MCL 15.243(1)(m), and security measures, MCL 15.243(1)(u). Defendant provided plaintiff with a 10-page spreadsheet enumerating each document that contained a redaction and identifying which statutory exemption applied to each document, followed by a 40-page Exemption Log—a spreadsheet enumerating each document that contained a redaction, identifying which exemption or exemptions apply, and explaining why each exemption applied.

Plaintiff filed a complaint in the Court of Claims in May 2023, alleging that defendant had improperly redacted the trial exhibits it had produced, because the exhibits had been introduced in unredacted form during trial; plaintiff also asserted that some of the redacted material did not qualify for redaction under MCL 15.243(1)(a). Plaintiff also asserted that the redactions defendant made in response to his second request were unjustified and improper. Defendant moved for summary disposition and attached an 11-page declaration from Assistant Attorney General Danielle Hagaman-Clark, the chief of defendant's Criminal Bureau, explaining why defendant responded as it did to plaintiff's FOIA requests. Defendant argued that although the exhibits that were introduced into evidence at trial were not redacted at that time, the exhibits were never actually made part of the court record and were returned to the parties after trial; defendant also argued more broadly that its redactions were appropriate and narrowly-tailored to avoid the unwarranted invasion of individuals' privacy. Regarding plaintiff's second request, defendant argued that the redactions and withholdings were justified under exemptions for internal memorandums, legal advice, draft documents regarding active litigation, internal communications regarding litigation, or, for a single document, a presentation regarding criminal charges.

The Court of Claims accepted that the information redacted from the trial exhibits was of a personal nature, and it upheld the redaction of individuals' Social Security numbers. But it otherwise rejected defendant's argument and ordered the disclosure of the trial exhibits without the redactions. The Court of Claims found, however, that defendant had not acted arbitrarily and capriciously by redacting the information in the trial exhibits, because the redactions were based on reasonable considerations of the law and of privacy concerns. The Court of Claims upheld defendant's redactions to the other materials in their entirety, found that Hagaman-Clark's declaration and the Exemption Log provided adequate particularized justifications for the redactions, and declined to review the materials *in camera*. The Court of Claims denied plaintiff's request to depose Hagaman-Clark.

This appeal and cross-appeal followed.

## II. STANDARD OF REVIEW

This Court reviews de novo a trial court's grant or denial of summary disposition. *McMaster v DTE Energy Co*, 509 Mich 423, 431; 984 NW2d 91 (2022). This Court also reviews de novo questions of statutory interpretation and a trial court's legal determinations in FOIA cases.

*Woodman v Dep't of Corrections*, 511 Mich 427, 439; 999 NW2d 463 (2023). We review for clear error a trial court's findings regarding whether a defendant's denial of a FOIA request was arbitrary and capricious. *Yarbrough v Dep't of Corrections*, 199 Mich App 180, 185; 501 NW2d 207 (1993). We review for an abuse of discretion a trial court's decision concerning discovery requests, *Arabo v Mich Gaming Control Bd*, 310 Mich App 370, 397; 872 NW2d 223 (2015), and whether to review records *in camera* under the FOIA, *State News v Mich State Univ*, 274 Mich App 558, 569-570, 580-582; 735 NW2d 649 (2007), rev'd in part on other grounds 481 Mich 692 (2008).

## III. DEFENDANT'S CROSS-APPEAL

Because defendant's cross-appeal is dispositive of much of plaintiff's appeal, we will address it first. Defendant argues that the Court of Claims erred by ordering defendant to provide unredacted (apart from individuals' Social Security numbers) trial exhibits to plaintiff. We agree.

### A. MOOTNESS

Initially, plaintiff argues that defendant's cross-appeal is moot because defendant has already disclosed the unredacted trial exhibits in response to the Court of Claims' order. We disagree. Generally speaking, "[w]hen the disclosure that a suit seeks has already been made, the substance of the controversy disappears and becomes moot." *Herald Co, Inc v Ann Arbor Pub Schs*, 224 Mich App 266, 270-271; 568 NW2d 411 (1997). "An element of the authority granted to courts under Article VI of the Michigan Constitution is that courts will not reach moot issues." *K2 Retail Constr Servs, Inc v West Lansing Retail Dev, LLC*, ___ Mich App ___, ___; ___ NW3d ___ (2025) (Docket No. 367762); slip op at 11. However, a "case is not moot where a court's adverse judgment may have collateral legal consequences for at least one of the parties." *In re Holbrook*, 511 Mich 1097, 1097; 992 NW2d 308 (2023) (quotation marks, ellipsis, and citation omitted). In this case, the issue is not moot because it may have collateral legal consequences. In the main appeal, plaintiff argues that he should be deemed to have prevailed in his FOIA action, thereby entitling him to attorney fees and costs attributable to that action. Whether the Court of Claims correctly ordered the disclosure of the trial exhibits is relevant to the determination of that issue, so this issue is not moot.

### B. REDACTED INFORMATION FROM TRIAL EXHIBITS

Under the "privacy exemption" to disclosure under the FOIA, a public body may withhold "information of a personal nature if public disclosure of the information would constitute a clearly unwarranted invasion of an individual's privacy." MCL 15.243(1)(a); see also *Mich Federation of Teachers & Sch Related Personnel, AFT, AFL-CIO v Univ of Mich*, 481 Mich 657, 675; 753 NW2d 28 (2008) (quotation marks and citation omitted).

In this case, defendant redacted from the trial exhibits dates of birth, Social Security numbers,[2] personal telephone numbers, social media account identifiers, and personal addresses; concluding that this information was information of a personal nature that would, if disclosed, constitute a clearly unwarranted invasion of privacy under MCL 15.243(1)(a). Addresses, telephone numbers, and dates of birth are all considered information of a personal nature for purposes of the FOIA that would reveal little to nothing about government conduct and would not further the policies behind the FOIA. *Rataj v City of Romulus*, 306 Mich App 735, 754; 858 NW2d 116 (2014). Consequently, apart from social media information, it is well established in Michigan law that the redacted information was of a personal nature that would reveal little to nothing about government conduct and would not further the policies behind the FOIA, making them exempt from disclosure under MCL 15.243(1)(a). *Id.*, 306 Mich App at 754. Regarding the redacted social media information, the Court of Claims appears to have considered it to be of a personal nature on a par with addresses and telephone numbers, and plaintiff does not challenge that finding or argue that the redacted social media information should be analyzed differently than the other redacted information. We therefore need not further address whether the Court of Claims was correct in characterizing all of the redacted information as information of a personal nature.

In any event, the Court of Claims erred by ordering the exhibits disclosed in unredacted form solely because they had been used at a trial. The Court of Claims faulted defendant for failing to seek a protective order or to redact information during the criminal trial, and it reasoned that defendant's failure to do so "prevents an argument that disclosure of these same public records, in response to a FOIA request, constitutes an unwarranted invasion of any individual's privacy." But "[t]he disclosure of information of a personal nature into the public sphere in certain instances does not automatically remove the protection of the privacy exemption and subject the information to disclosure in every other circumstance." *Mich Federation of Teachers*, 481 Mich at 680. The fact that plaintiff arguably[3] could obtain the unredacted information by reviewing the public records of the criminal proceeding does not relieve defendant of its obligation to redact personal information under MCL 15.243(1)(a). Accordingly, we reverse the Court of Claims' partial denial of defendant's motion for summary disposition on this issue.

## IV. PLAINTIFF'S APPEAL

In the main appeal, plaintiff argues that the Court of Claims erred by holding that he did not prevail in full regarding either of his FOIA requests, and that he accordingly was entitled to

---

[2] The Court of Claims noted that Social Security numbers are specifically exempt from disclosure under MCL 15.243(1)(w). Plaintiff does not challenge the Court of Claims' holding that defendant properly redacted Social Security numbers from the documents provided.

[3] Defendant has represented that the trial exhibits were not actually made part of the court record in the criminal proceeding, and that copies of the exhibits were collected and returned to the parties after trial. No one has challenged that representation. Moreover, the record before us does not reflect that the personal information contained in the exhibits was read into the court record in its entirety, which casts some doubt on the Court of Claims' characterization of the redacted personal information as having been "displayed without redaction to the public" or "publicly disclosed at trial."

attorney fees and costs. He also argues that the Court of Claims erred by holding that defendant did not act arbitrarily and capriciously when it withheld information from disclosure, and that plaintiff is therefore entitled to punitive damages. Finally, plaintiff argues that the Court of Claims erred by not allowing him to depose Hagaman-Clark and by declining to review the records responsive to his second FOIA request *in camera*. We disagree in all respects.

## A. ATTORNEY FEES AND COSTS

Plaintiff argues that the Court of Claims erred by holding that he did not prevail in full in his FOIA action, or alternatively, erred by failing to recognize that he had prevailed in part, and by declining to award him attorney fees and costs. On appeal, plaintiff does not directly challenge the Court of Claims' upholding of defendant's redactions with respect to his second FOIA request; rather, plaintiff appears to admit that defendant "issued subsequent productions between November 8, 2023, and April 1, 2024, which may have rendered some of [plaintiff's] substantive claims moot." However, plaintiff argues that his lawsuit was necessary to compel defendant to make the subsequent disclosures that ultimately fulfilled his FOIA request, and that he should accordingly be awarded attorney fees and costs. Regarding his first FOIA request, plaintiff argues that he effectively prevailed in full because defendant was permitted to redact only Social Security information.[4] We disagree with respect to both requests.[5]

MCL 15.240 provides in relevant part:

(6) If a person asserting the right to inspect, copy, or receive a copy of all or a portion of a public record prevails in an action commenced under this section, the court shall award reasonable attorneys' fees, costs, and disbursements. If the person or public body prevails in part, the court may, in its discretion, award all or an appropriate portion of reasonable attorneys' fees, costs, and disbursements. The award shall be assessed against the public body liable for damages under subsection (7).

(7) If the court determines in an action commenced under this section that the public body has arbitrarily and capriciously violated this act by refusal or delay in disclosing or providing copies of a public record, the court shall order the public body to pay a civil fine of $1,000.00, which shall be deposited into the general fund of the state treasury. The court shall award, in addition to any actual or compensatory damages, punitive damages in the amount of $1,000.00 to the person seeking the right to inspect or receive a copy of a public record. The damages shall not be assessed against an individual, but shall be assessed against the next

---

[4] Plaintiff represents that the exhibits contained only one Social Security number requiring redaction.

[5] Because we conclude that plaintiff did not fully prevail with respect to either of his FOIA requests, we need not consider plaintiff's argument that he should be entitled to attorney fees and costs for prevailing in full as to one of his requests even if he did not prevail in full in the entire action.

succeeding public body that is not an individual and that kept or maintained the public record as part of its public function.

Accordingly, a plaintiff in a FOIA action is entitled to fees and costs if it prevails in the action, and the court may award attorney fees and costs in its discretion if the plaintiff prevails in part. MCL 15.240(6); *Local Area Watch v Grand Rapids*, 262 Mich App 136, 149-150; 683 NW2d 745 (2004). Whether a party "prevails" requires consideration of whether "the action was reasonably necessary to compel the disclosure of the records," whether "the action *actually* [had] the causative effect of delivering the information," and whether "the plaintiff obtain[ed] everything it initially sought." *Woodman*, 511 Mich at 443. "[T]he mere fact that the requested documents were produced after suit was filed" is insufficient to establish that the "action was necessary or had a substantial causative effect on [the] defendant's production of the requested documents." *Cramer v Village of Oakley*, 316 Mich App 60, 71; 890 NW2d 895 (2016), vacated as moot in part and lv den in relevant part 500 Mich 964 (2017).

In this case, plaintiff unambiguously did not prevail regarding his second FOIA request, as the Court of Claims held that defendant had properly redacted the challenged information. Moreover, plaintiff merely asserts that his litigation was necessary or had a substantial causative effect on defendant's subsequent production of documents. The record does not support this assertion; the record shows that defendant made a supplemental response producing more documents before plaintiff filed suit, and had indicated prior to the suit being filed that it believed it did not possess additional relevant records to disclose. Defendant also stated in answer to plaintiff's complaint that it was already voluntarily reviewing its records and would provide further disclosures if any additional records were found. Plaintiff's mere assertion that defendant would not have made any additional disclosures if he had not filed suit is insufficient to find that he prevailed in full regarding his second request. *Cramer*, 316 Mich App at 71. And, for the reasons discussed above, plaintiff should not have prevailed to the extent that he did regarding his first FOIA request. He was therefore not entitled to attorney fees and costs for having fully prevailed on either of his FOIA claims, and we further find that the Court of Claims did not abuse its discretion by not awarding proportionate attorney fees and costs. MCL 15.240(6); *Local Area Watch*, 262 Mich App at 149-150.

## B. PUNITIVE DAMAGES

Plaintiff also argues that the Court of Claims should have found that defendant acted arbitrarily and capriciously by delaying and erroneously denying in part plaintiff's FOIA requests, and that the court therefore should have found that plaintiff was entitled to punitive damages. We disagree.

A plaintiff in a FOIA action is entitled to punitive damages if a court orders the defendant to disclose records and finds that the defendant had "arbitrarily and capriciously" refused to provide the records. MCL 15.240(7); *Local Area Watch*, 262 Mich App at 152-153. A defendant's refusal to disclose records "is not necessarily arbitrary or capricious if [the] defendant's decision to act was based on consideration of principles or circumstances and was reasonable, rather than whimsical." *Meredith Corp v City of Flint*, 256 Mich App 703, 717; 671 NW2d 101 (2003) (quotation marks and citations omitted). A defendant does not act arbitrarily and capriciously by trying to balance competing obligations, *Wilson v Eaton Rapids*, 196 Mich

App 671, 673-674; 493 NW2d 433 (1992), or by acting out of concern for protecting witnesses, *Yarbrough*, 199 Mich App at 185-186. A denial may be arbitrary and capricious if the defendant consistently fails to articulate a specific reason why a disclosure exemption applies. *Meredith Corp*, 671 Mich App at 717-718.

Regarding plaintiff's request for trial exhibits, as stated, the Court of Claims erred by ordering defendant to disclose unredacted records. Regarding plaintiff's second FOIA request, the trial court never ordered defendant to disclose any records. Plaintiff argues nonetheless that defendant's delay in fully disclosing records in response to his second request was arbitrary and capricious, even though it appears that plaintiff ultimately received the records without a court order compelling disclosure. But plaintiff's contention that defendant's delays were arbitrary and capricious is purely speculative. By the time plaintiff filed suit, defendant had already provided plaintiff with many documents, made supplemental disclosures of further documents, and promised to continue reviewing its records and provide further supplemental disclosures if it found any further disclosable materials. The requested records were voluminous and the meticulousness with which defendant redacted the documents shows that processing the documents would unavoidably have taken significant time. Further, defendant noted its effort to balance competing obligations with regard to maintaining attorney-client confidentiality and avoiding disclosure of privileged information while also complying with plaintiff's expansive requests. *Yarbrough*, 199 Mich App at 185-186. On this record, defendant articulated sufficient reasons for any delay or denial of disclosure, and the Court of Claims accordingly did not err (much less clearly err) by declining to find that defendant acted arbitrarily and capriciously, and by declining to award punitive damages. *Meredith Corp*, 671 Mich App at 717-718.

## C. DISCOVERY AND *IN CAMERA* REVIEW

Lastly, plaintiff contends that the Court of Claims erred by not allowing him to depose Hagaman-Clark and by declining to review the records responsive to his second FOIA request *in camera*. We disagree.

Michigan's follows an open and broad discovery policy, but it does not permit parties to engage in fishing expeditions. *Micheli v Mich Auto Ins Placement Facility*, 340 Mich App 360, 371; 986 NW2d 451 (2022). "Conjecture alone does not entitle a party to discovery, because such discovery would be no more than a fishing expedition." *Warren v McLaren Flint*, ___ Mich App ___, ___; ___ NW3d ___ (2024) (Docket No. 366226); slip op at 10 (quotation marks and citation omitted). This Court has upheld a plaintiff's right to depose a public body's FOIA coordinator when the public body never explained the process or methodology used to determine the document set responsive to the plaintiff's FOIA request. *Arabo*, 310 Mich App at 404. But that was in the context of a pre-production challenge to the fees to be assessed to process the plaintiff's FOIA request. Moreover, defendant here proffered sound, principled, and detailed reasons for its redactions or denials. Plaintiff does not identify any of the "key questions" that he claims are "unanswered," nor does he explain how Hagaman-Clark's lengthy statement provided during the proceedings was inadequate. Plaintiff has provided no reason for this Court to overrule the Court of Claims' exercise of its discretion with regard to his request to depose Hagaman-Clark. *Id*.

Plaintiff also argues that the Court of Claims should have reviewed *in camera* the records that defendant withheld or redacted before determining that defendant had properly redacted or

denied portions of plaintiff's second FOIA request. We disagree. When evaluating whether a public body has proved that an exemption from disclosure applies, courts should first review the particularized justification provided by the public body, which should normally be the only step necessary. *Evening News Ass'n v City of Troy*, 417 Mich 481, 5015-516 339 NW2d 421 (1983). If the public body does not provide a particularized justification for a claimed exemption, the trial court should then proceed to the second step of the analysis and review the records *in camera* to determine whether nondisclosure is justified under an exemption. *Id*.

In this case, plaintiff argues that defendant admitted that there were questions of fact remaining that should have been resolved by the Court of Claims reviewing the records *in camera*. Plaintiff does not accurately characterize defendant's statements. In its motion for summary disposition, defendant accurately summarized the two-step rule addressed in *Evening News* and asserted that the Court of Claims could decide both FOIA requests under the first step; defendant then went on to state that if the Court of Claims did not accept Hagaman-Clark's particularized justifications for nondisclosure related to plaintiff's second request, it could conduct an *in camera* review of the records. This was not a concession that there were outstanding questions of fact that prevented the Court of Claims from deciding the issue by reviewing the particularized justifications for exemption provided by defendant. Plaintiff otherwise only offers a conclusory assertion that the Court of Claims erred by failing to conduct an *in camera* review. The Court of Claims did not abuse its discretion by declining to conduct such a review. *State News*, 274 Mich App at 569-570.

## V. CONCLUSION

In the main appeal, we affirm the Court of Claims' decision not to award attorney fees, costs, and punitive damages, as well as the court's decisions not to permit plaintiff to depose Hagaman-Clark and not to conduct an *in camera* review of the records designated as exempt from production. In the cross-appeal, we reverse the portion of the Court of Claims' order holding that defendant was required to disclose unredacted (apart from Social Security information) versions of the trial exhibits to plaintiff. Defendant, being the prevailing party, may tax costs. MCR 7.219(A).

/s/ Mark T. Boonstra
/s/ Colleen A. O'Brien
/s/ Adrienne N. Young